MARIA GEORGIA ORTMAYER *et al.*

*v.*

EDWARD G. ELCOCK, Trustee.

*Opinion filed February 21, 1907.*

1. WILLS—*when word "heirs" is word of limitation.* The word "heirs" is a word of limitation where it is not used to describe individuals, but to designate heirs generally or the whole line of heirs in succession.

2. SAME—*the word "heirs," when used as a word of limitation, marks out the estate granted.* The word "heirs" is not to be construed as a word of purchase unless there are other controlling words showing such intention by the person using it, and if used as a word of limitation its effect is to mark out the estate granted.

3. SAME—*contingent remainder may be released to life tenant.* A remainder to named persons, or their heirs in case the life tenant died without leaving children who would, if living, take the fee, may be released by deed to the life tenant so as to vest in her the title of such remainder, whether regarded as vested or contingent.

4. SAME—*when a life tenant becomes vested with entire estate.* Where there is a devise of the income of one-third of the testator's property to his daughter in trust for her natural life and at her death to her children, if any are living, but if she dies without chil-

dren the remainder to be divided between named children of the testator or their heirs, and the children so named as remaindermen convey, with a covenant of further assurance, their entire interest to the daughter, who has no children, the daughter becomes vested with the entire estate so devised, subject to the contingent remainder to her child or children should any be born to her, and if she dies leaving no child, the estate will pass to her heirs, devisees or grantees.

APPEAL from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

WILLIAM B. HALE, and HENRY F. HAWKINS, for appellants.

WILSON, MOORE & McILVAINE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

By the will of Matheus Gottfried his homestead, with household furniture, family jewels and plate, carriages, horses, etc., and one-third of his remaining property, were given to his widow. Various bequests were then made to charitable institutions and individuals, after which the residue of his estate was divided into six equal parts, three of which were devised to trustees under an active trust. One of these parts or shares was disposed of by paragraph 3 of item 11 of the will, as follows:

"3. I give, devise and bequeath the income of one of said parts or shares unto my daughter Mathilde Elcock, wife of Edward L. Elcock, for and during the term of her natural life, the principal to be held in trust by said trustees, and I hereby direct the said trustees to pay said income to her annually; and on the death of said Mathilde Elcock I give, devise and bequeath said part or share unto her child or children, share and share alike, if any are living at the time of her death, and if she dies without children, it is my will that said remainder shall be divided equally between my children

Ida Wilhelmina Ortmayer, Margaretha Maria Weiss, Carl Matheus Gottfried, Maud Irma Gottfried and Febronia Martina Reifschneider, or their heirs, if deceased."

A share of the property was set apart to be held in trust under that paragraph for the benefit of Mathilde Elcock, consisting of personal property, securities, corporate stocks and some real estate, amounting in all to the value of about $147,000. The appellee, Edward G. Elcock, is now a trustee by appointment of the superior court of Cook county, and by the will the trust is to continue during the natural life of Mathilde Elcock, after which the property is to go in remainder in fee, as provided by said paragraph. Mathilde Elcock is childless, no child having ever been born to her. The other five children of the testator mentioned in paragraph 3 are all living, and they, with their respective husbands and wives, have executed a conveyance to Mathilde Elcock purporting to convey to her their entire right and interest in the trust estate and to vest in her, absolutely and in her own right, the whole estate, subject only to her own life estate, and the remainder to the child or children, if she should have any, who should be living at the time of her death, and the deed contains a covenant for further assurance. Appellee filed a petition in said superior court to establish his title, as trustee, to certain lots mentioned in the petition, and he made all living persons who might in any event have any interest under the will, parties defendant. The petition was answered by the adult defendants and the guardian *ad litem* of minor defendants, and the cause was referred to a master in chancery, who reported his conclusion that Mathilde Elcock was the only person beneficially interested in the trust estate, and that in case she should die leaving children the children would be beneficiaries under the will, but if she died without children the property would go to her heirs-at-law, devisees or grantees. The court overruled exceptions to the report and entered a decree in accordance therewith. Maria Georgia Ortmayer, daughter of Ida Wilhelmina Ortmayer, and the

guardian *ad litem* on behalf of the minor defendants, appealed from the decree and are the appellants.

The briefs and arguments of counsel relate mainly to the question whether the remainder to the five children of the testator is vested or contingent, but we do not regard that question as controlling the rights of the parties or necessary to a decision of the case. The remainder to the child or children of Mathilde Elcock, in the event that any child or children should be born and any should be living at the time of her death, is a contingent remainder in fee, and the other children of the testator would only take the remainder in case Mathilde Elcock should die without children living at the time of her death; but whether that remainder is vested or contingent, we are of the opinion that it was conveyed by the deed. The abstract is meager and insufficient to show the exact nature of the conveyance, but it was a transfer to Mathilde Elcock of the rights and interests of the grantors under the will, with a covenant for further assurance. The remainder in fee in case Mathilde Elcock should die without a child or children surviving her is limited by the will to the grantors in the deed and their heirs, and the word "heirs" is a word of limitation where it is not used to describe individuals but to designate heirs generally or the whole line of heirs in succession. It is not to be construed as a word of purchase unless there are other controlling words showing an intention of that kind by the person using it, and if it is used as a word of limitation, its effect is to mark out the estate granted. (*Hobbie* v. *Ogden,* 178 Ill. 357; *Davis* v. *Sturgeon,* 198 id. 520.) The intention of the testator in this case was, that in default of children of Mrs. Elcock living at the time of her death the estate should go to the other children, or their heirs who would take from them by descent, meaning the whole line of heirs. The gift does not consist merely in an order to divide or distribute in the future, but is to the children if living or their heirs if deceased. Whether the remainder is vested or contingent, it

would descend to the heirs. At the common law a contingent remainder could not be conveyed by deed or grant but could be effectually barred by a fine. It could be released to the life tenant or his assignee, and was assignable in equity and devisable under the Statute of Wills. (Sheppard's Touchstone, 239.) The law always gladly permitted such rights to be got rid of by release. (Williams on Real Property, 277; 24 Am. & Eng. Ency. of Law,—2d ed.—408.) A contingent remainder is not an estate and is merely a chance of having one, but it is a right in property which the remainder-man could release to the life tenant. (*Williams v. Esten,* 179 Ill. 267.) The statutes regulating conveyances, in force before 1872, abolished livery of seizin and provided for conveyances of lands or estates therein, and a contingent remainder was not regarded as an estate. Our present statute of conveyance provides for a form of quit-claim deed which "shall be deemed and held a good and sufficient conveyance, release and quit-claim to the grantee, his heirs and assigns, in fee, of all the then existing legal or equitable rights of the grantor in the premises therein described." (Hurd's Stat. 1905, p. 465.) Whether the deed in this case complies fully with the provision of the statute as to form, and whether it would be operative to convey the remainder to a stranger or not, it is undoubtedly sufficient as a release of the remainder to Mathilde Elcock. The estate is now vested by the will and deed in Mathilde Elcock, subject to the contingent remainder to her child or children if any should be born and survive her, and if she should die leaving no child, her heirs, devisees or grantees will take the estate.

The decree of the superior court is affirmed.

*Decree affirmed.*