M. D. HULL, Trustee, Appellee, *vs.* FRED C. ENSINGER
et al.—(THOMAS E. FERGUSON *et al.* Appellants.)

*Opinion filed December 17, 1912—Rehearing denied Feb. 5, 1913.*

1. WILLS—*when remainder is contingent.* Where the residue
of testator's property is devised to a trustee to hold for a period
of ten years after the death of the widow and at the expiration of
such period the property to descend to and be divided among the
testator's named children, "their heirs or the survivors of them,
equally, share and share alike, the children or descendants of a de-
ceased child, if any, taking the share·of the parent or ancestor,"
etc., the remainder is contingent, as the persons to take cannot be
known until the expiration of the trust. (*Spengler* v. *Kuhn,* 212
Ill. 186, followed.)

2. SAME—*when estate of trustee is a freehold estate.* Where
a will vests in a trustee, subject to a life estate in the homestead,
the title to all of the testator's real estate until the full term of
ten years from the death of the testator's wife shall have elapsed,
the estate in the trustee is ·a freehold estate, and being a freehold
estate at its creation it does not lose its character as such at the
subsequent death of the testator's·wife.

3. DEBTOR AND CREDITOR—*a contingent remainder is not subject
to sale under execution.* A contingent remainder is not such an
estate as can be sold on execution, and the purchaser at such sale
acquires no title.

APPEAL from the Circuit Court of McLean county; the
Hon. COLOSTIN D. MYERS, Judge, presiding.

HUFF, COOK & SLOTTOW, and E. E. DONNELLY,
(THOMAS D. HUFF, and JOSEPH SLOTTOW, of counsel,)
for appellants.

DAVID K. TONE, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the
court:

The appellee, as trustee under the will of William F.
Ensinger, filed in the circuit court of McLean county his
bill for the construction of the will and the removal of

certain alleged clouds upon his title. The appellants' demurrer to the bill was overruled and the court entered a decree construing the will, from which an appeal was taken.

The first clause of the will gave to the testator's wife a life estate in the home place, together with all chattel property thereon or in any way belonging thereto, to have, own, use, dispose of and give away to her children, if she so desired, during her life, and also directed the payment to her out of the net income of the estate of such sums as she might need for her reasonable support, not exceeding $50 per month. The second and third clauses of the will are as follows:

"*Second*—All the residue of my estate, real, personal and mixed, of whatever nature, name or kind, including said home place, after the death of my said wife, and also any and all moneys, and including also any and all chattel property, or the proceeds thereof, not disposed of by my wife during her lifetime, as aforesaid, I will, direct and desire and order shall be disposed of as follows: It is my will, and I hereby order and direct, that all of my real estate shall remain intact, unsold, undivided and not disposed of until ten years after the death of my said wife, and that there shall be no division or distribution of any of my estate until the expiration of said ten years except as hereinafter provided, and to that end I hereby vest the title of my real estate (subject to the life estate of my said wife in the said homestead) and give the control of my personal estate in and to my said executor, in trust, however, for the uses and purposes provided for and set forth in this my will and for no other purpose. And it is my will, and I hereby direct, that my said executor shall have, hold and keep my said estate in his hands, and I hereby give and vest him with full power to lease, rent and collect the rents from all my lands, (except said homestead during the life of my said wife,) loan and collect interest on all the money I may leave, pay taxes, and do any and all other

acts necessary to carry out the provisions of my will, until the full term of ten years from the death of my said wife shall have elapsed; and he shall, each and every year after my death, after he deducting all fees, costs and expenses in the management of my estate, pay over the net residue of the income therefrom to my six children or their heirs or the survivors of them, as the case may be, the children or descendants of a deceased child, if any, taking the parents' share, share and share alike, until the expiration of the full ten years after the death of my said wife, as aforesaid.

"*Third*—It is my will, and I hereby order and direct, that at the end of ten years after the death of my wife, as aforesaid, the whole of the balance or residue of my estate still in the hands and under the control of my said executor and trustee, as aforesaid, of whatever nature or kind, shall descend to and be divided among my six children, to-wit, George D., Fred C., Carrie, Peter, Herman and Flora F. Ensinger, their heirs or the survivors of them, equally, share and share alike, the children or descendants of a deceased child, if any, taking the share of the parent or ancestor, equally among them, but subject, however, to the following conditions, which I desire and direct shall be strictly enforced, to-wit: If any of my said children, or either of them, shall attempt, by proceedings in the courts, by suit or otherwise, to interfere with, change, alter or set aside the provisions of this my last will and testament in regard to them or either or any of them, he, she or they shall thereby forfeit the share allotted to him, her or them by my will, and shall be absolutely cut off and disinherited from any and all share in my estate, or the income therefrom, from that time on, forever, and the same shall descend to and be divided among the others not so offending. Or if any or either of my said children shall attempt in any way to sell or encumber his or her share in my estate by deed, mortgage or otherwise, before the full expiration of the said ten years after the death of my said wife and

before the same is set apart and divided between them, such encumbrance or deed shall be absolutely null and void and of no effect in law whatever, and shall also operate as a forfeiture of the share of such child under this my will. Or if either or any of my said children shall be accused and convicted of any crime, under the law, rendering him, her or them infamous by its provisions, then and in that case, or either of the two above cases, the child so offending shall forfeit his or her share as is heretofore provided, but shall receive from my executor in lieu thereof, and as his or her full share of my estate, the sum of five hundred ($500) dollars only, and the balance of my estate shall descend to and be divided among those not so offending, as hereinbefore provided."

The will was dated November 1, 1888, and the testator died in January, 1889. His widow died on January 20, 1903, and the appellee having been appointed trustee under the will, afterward took possession of all the real estate and the personal property remaining undisposed of, and has since retained such possession, has leased the real estate, collected the rents and paid the taxes.

The bill alleges that on November 1, 1888, (the date of the will,) William F. Ensinger was living with his wife and had six children,—George D., twenty years old, Fred C., eighteen years old, Carrie, seventeen years old, Peter, fifteen years old, Herman, thirteen years old, and Flora F., eleven years old. George D. was married and had been living away from home about two years. He was an electrician and was of an extravagant disposition, spending more money than he was able to earn and constantly calling upon his father to contribute to his support and the support of his family. Fred was also an electrician, had been away from home about two years, and spent everything he had earned and had also called upon his father, at different times, for assistance. At that time the testator was ill and in very poor health, and his attention was then

called to the fact that Fred was living an extravagant life and wasting his own and his father's money, and that George was unable to support himself and his wife. With knowledge and in view of these facts it is averred that the testator executed his will, with the intention and for the purpose of placing his property beyond the reach of his children and their creditors for ten years after the death of their mother. All of the children are now living and are made parties to the bill, except George D., who died February 25, 1901, leaving a daughter, Cornelia Ensinger, who is made a party to the bill.

It is alleged that on February 5, 1910, the appellant Thomas E. Ferguson recovered judgment in the municipal court of Chicago against Herman J. Ensinger for $1700.25 and costs, upon which an execution was issued directed to the sheriff of McLean county, who levied it upon all the right, title and interest of Herman J. Ensinger in the real estate so devised in trust by the will of William F. Ensinger, and on April 23, 1910, sold the said real estate under the execution to Ferguson, and that on September 14, 1911, a sheriff's deed was executed to said Ferguson, who thereupon notified the appellee that he was the owner of an undivided one-sixth of the premises and was entitled to collect the rents and profits from such undivided one-sixth. On September 11, 1911, the appellant the Steuben County Wine Company obtained a judgment in the municipal court of Chicago against Herman J. Ensinger, upon which an execution was issued directed to the sheriff of McLean county, who levied it upon all the right, title and interest of the said Herman J. Ensinger in a part of the premises included in the levy of the Ferguson execution, and the said premises were sold under the said execution to the appellant the Steuben County Wine Company and a certificate of sale was issued to it. On September 22, 1911, the appellant Ferguson conveyed all of his interest under said sheriff's deed to the appellant Angus R. Martin, who

is an officer of the Steuben County Wine Company. The deed was filed for record, and Martin notified the appellee that Martin claimed to be the owner of the undivided one-sixth interest formerly belonging to Herman J. Ensinger in the premises and that the appellee should pay one-sixth of the net income to the said Martin. The bill further alleges that Herman J. Ensinger never had any vested title in the real estate in question but a mere expectancy; that his only interest was the right to receive one-sixth of the net income; that in March, 1912, the appellee intends to pay over the net income to the children of William F. Ensinger or their heirs or survivors and will have more than $200 to be paid to each; that the said Herman J. Ensinger has notified him that he claims one-sixth of the net income for the year ending March 1, 1912; that neither the Steuben County Wine Company, Martin nor Ferguson has any title to the net income, but that their claims embarrass the appellee in the payment of the income and in the discharge of his duties as trustee, and that the certificate of sale and sheriff's deed above described constitute clouds upon the title of the appellee. The bill prayed that the certificates of sale and deeds be delivered up and the sheriff's deed and certificate and the deed from Ferguson to Martin be declared void as clouds on the appellee's title, and that it be decreed that the appellants have no interest in the property or the income thereof. The decree construed the will in accordance with the prayer of the bill.

It is clear that the interest devised to the children of William F. Ensinger was contingent upon their surviving the period of distribution. The remainder after the death of his wife and the expiration of ten years was limited to his children and their heirs or the survivors of them, the descendants of a deceased child, if any, taking the share of the ancestor. The persons to take are such of his children as are then alive, and the descendants, if any, of such as have died. It cannot be known until the expiration of

the time that any child will survive and become entitled to take. The case is not distinguishable from that of *Spengler* v. *Kuhn*, 212 Ill. 186, in which such a limitation was held to be a contingent remainder, and similar limitations were held to create contingent remainders also in *Ruddell* v. *Wren*, 208 Ill. 508, *Cummings* v. *Hamilton*, 220 id. 480, *Brownback* v. *Keister*, id. 544, and *Brechbeller* v. *Wilson*, 228 id. 502.

It is argued on behalf of appellants that the remainder cannot be contingent because there is no particular estate of freehold to support it, and they insist that the estate given to the trustee for the life of the widow and ten years longer is not an estate of freehold. Subject to the life estate in the homestead, the will expressly vests in the trustee the title to all his real estate until the full term of ten years from the death of his wife shall have elapsed. This is a freehold estate which Blackstone describes as such an estate in lands as is conveyed by livery of seizin. "As, therefore, estates of inheritance and estates for life could not by common law be conveyed without livery of seizin, these are properly estates of freehold, and as no other estates are conveyed with the same solemnity, therefore no others are properly freehold estates." (2 Blackstone's Com. 104.) The estate being for the life of the widow, would at common law be conveyed by livery of seizin and would therefore be a freehold, and it would not cease to be a freehold upon her death. It was the method of its creation which determined the character of the estate as a freehold, and it did not lose this character by the happening of a subsequent event. The persons who are to take, though now uncertain, will be ascertained at the termination of the estate devised to the trustee. Until that time they are unknown, and the remainder being contingent was not an estate which could be sold on execution, and appellants therefore acquired no title by their purchase. *Ætna Life Ins. Co.* v. *Hoppin*, 249 Ill. 406.

It is not necessary to determine the question argued by counsel whether the will creates a spendthrift trust, because without regard to that question appellants have acquired no interest in the property.

The decree of the circuit court is affirmed.

*Decree affirmed.*