CHARLES C. MAGINN, Appellee, *vs.* GEORGE W. McDEVITT *et al.* Appellants.

*Opinion filed October 27, 1915.*

1. WILLS—*when power of sale by executor is not conditional on request of heirs.* A provision in a will that the executor, after managing and controlling the land for a ten-year period, shall at the request of the heirs sell the land, does not make the power of sale conditional upon the request of the heirs, where the will makes no disposition of the land in case it should not be sold but shows the intention of the testatrix to be that the mortgages on the land should be paid by the executor from the rents and profits before the land was sold and that the children of the testatrix should share the proceeds.

2. SAME—*when will effects an equitable conversion of land into personal property.* Where the power given by will to the executor to sell land and divide the proceeds among the children of the testatrix is absolute the will operates as an equitable conversion of the land into personal property, and the children take no interest in the land which they can alienate or mortgage.

3. SAME—*if interest of a child in proceeds of a sale is contingent it cannot be lawfully assigned.*  Where a will directs the executor, after managing the land for ten years, to sell the same and divide the proceeds equally among the named children of the testatrix "if they then all be living," but in case any of them should die before that time then the share of such child to go to the survivors if it died leaving no children or to the children of such child if any survived it, the interest of the children is contingent until the time of distribution, and no assignment of a child's interest made before that time will operate as an assignment of the proceeds of the sale if the child dies before the time of distribution.

APPEAL from the Circuit Court of Morgan county; the Hon. JAMES A. CREIGHTON, Judge, presiding.    .    ·

THOMAS L. JARRETT, for appellants.

KIRBY, WILSON & BROCKHOUSE, for appellee Charles C. Maginn.

GEORGE L. MERRILL, guardian *ad litem,* for minor appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The appellants, George W. McDevitt and William S. Mitchell, have prosecuted this appeal from a decree of the circuit court of Morgan county on a bill in chancery filed by Charles C. Maginn, individually and as executor and trustee under the will of Maria A. Maginn.  The purpose of the bill was the partition of certain lands owned as tenants in common by Maria A. Maginn in her lifetime and complainant, who was her son, and for the appointment by the court of some competent person as trustee in place of complainant, to sell the lands of said Maria A. Maginn.

At the time of her death Maria A. Maginn was the sole owner of an 80-acre tract, and she and complainant owned as tenants in common 120 acres, each owning the undivided one-half.  She died testate November 14, 1904, leaving a

husband surviving her, and her children, Mary J. Nipper, Elizabeth A. Carson, Ida M. Schramm, John F. Maginn and complainant, Charles C. Maginn, as her only heirs-at-law. By the first clause of her will she directed the payment of all her just debts. As the second clause of the will is involved in this litigation it is here set out in full, except the description of the land:

"*Second*—It is my will and I hereby authorize and order my executor hereinafter to be named to take charge of my farming lands situated in the county of Morgan and State of Illinois [describing the same.] To control, to lease, to collect rents, to keep the buildings situated thereon insured in their fair insurable value for the benefit of my estate; to pay all just taxes and assessments assessed against said property by the proper taxing authorities; to keep up all necessary repairs thereon, and after having paid all proper charges and expenses in so doing, my said executor shall apply any surplus in his hands, received from the rental of said lands, to the payment of the mortgaged indebtedness of said lands; my said executor to take charge of said lands immediately after my demise and to continue in such control and management for the term of ten years, at the expiration of which time my said executor shall, at the request of the heirs of my estate, proceed to sell my undivided one-half interest in the tract of land first mentioned and all of my 80 acres last mentioned to the best possible advantage for my estate, and to divide the proceeds equally between my children, to-wit: John F. Maginn one-fifth; to Mary Jane Nipper one-fifth; to Elizabeth Ann Carson one-fifth; to Ida May Schramm one-fifth; to Charles C. Maginn one-fifth, if they then all be living; but in case any of my above named children shall depart this life before that time, leaving no children, then the share or shares which such deceased child or children would have received if living shall be equally divided between my then living children, but in case any of my chil-

dren shall die leaving a child or children surviving them, then the share or shares of such deceased child or children shall in all cases be divided equally between their respective children, each child's share going to that child's children."

Charles C. Maginn was named in the will as executor and duly qualified as such.

After the death of testatrix, her son John F. Maginn, who was also called Fred Maginn, became indebted to the banking firm of Wemple Bros. in the sum of $1000, for which he gave a note drawing interest at the rate of six per cent per annum. Defendants, G. W. McDevitt and W. S. Mitchell, signed the note as security. To further secure the note, said Maginn and wife executed to Wemple Bros. an instrument in writing, reciting that "they, the said first parties, do by these presents assign, set over, transfer, ratify and confirm unto the said second parties [Wemple Bros.] all the estate, right, title, claim, demand and interest, whether in possession or expectancy, both legal and equitable, of them in and to the following described real estate," (describing the land owned by Maria A. Maginn at the time of her death,) to secure the payment of said $1000 note, describing it. The said instrument concludes: "Now, if the said Fred Maginn pays the said note on or before maturity then this assignment becomes null and void and of no effect, otherwise to remain in full force and effect." The note and said instrument to secure it were executed May 4, 1911. Maginn did not pay the note but it was paid by McDevitt and Mitchell, the sureties, and they took an assignment of the note and said written instrument from Wemple Bros. John F. Maginn died intestate February 14, 1912, leaving a widow and seven children, six of whom are minors. At the time of the death of Maria A. Maginn there was a mortgage on the 80 acres she owned for $3900, and a mortgage on the 120 acres given by her and Charles C. Maginn to secure a loan of $4500. Charles C. Maginn, as executor and trustee, took charge of the land

under authority of the will, and from the proceeds received therefrom had paid, before the bill in this case was filed, all but $1600 of the $3900 mortgage and all but $500 of the $4500. The ten-year period during which the land was to remain in the possession and control of the executor and trustee before it was authorized to be sold and the proceeds distributed did not expire until November 14, 1914.

The bill in this case was filed to the term of court which began November 9, 1914. The bill alleged that the adult surviving heirs of Maria A. Maginn had requested the complainant, as executor and trustee, to sell the land immediately after the expiration of the ten-year period; that because the complainant owned the undivided one-half of the 120 acres and was the sole owner of land on both the east and west sides thereof, there was some conflict between his private interest and his duty as executor and trustee, and he desired to. protect his own interests and was not in a proper position to sell the land in the manner contemplated by the will. The bill further alleged that at the time John F. Maginn executed the pretended mortgage or assignment to Wemple Bros. he was not seized of any estate in the land and that said instrument was without effect and void; that because of the conflict between the private interests of complainant and his obligations as trustee he should not make the sale of the land belonging to the estate of Maria A. Maginn, as provided by her will, but that the sale should be made by some disinterested person appointed by the court; that sale be made of the entire 120 acres, including the undivided one-half of complainant, and the whole of the 80-acre tract. The bill prayed that the 80 acres owned solely by Maria A. Maginn be sold subsequent to November 14, 1914, by a competent person appointed by the court for that purpose, and the proceeds, after paying the incumbrance, costs and charges of this suit, be paid, one-fifth to each of the surviving children of Maria A. Maginn and one-thirty-fifth to each of the children of John F. Maginn,

deceased. Partition of the 120 acres was asked in accordance with the rights and interests of parties as set out in the bill, and in the event the same could not be partitioned, that the land be sold by and under the direction of the court, and that the proceeds be distributed, after paying the incumbrance, costs and charges, to the parties entitled thereto as alleged in the bill.

McDevitt and Mitchell answered, denying the allegation that John F. Maginn was not seized of any estate in the lands, and averring that he was seized of an estate therein which he mortgaged to secure a $1000 note, and that the note and mortgage had been assigned to the respondents and was due and unpaid. They also filed a cross-bill, in which they set up the execution of the note to Wemple Bros. by John F. Maginn and alleged he executed a mortgage on his undivided interest in the land to secure the same, and that the note and mortgage were assigned to and now held by cross-complainants. The cross-bill prayed that an account be taken of the amount due on the note and mortgage; that the executor and widow and children of John F. Maginn be decreed to pay the same, and that in default of such payment the mortgaged premises be sold to satisfy the debt and costs.

Charles C. Maginn, individually and as executor and trustee, answered the cross-bill, denying John F. Maginn owned any interest in the land and alleging that the purported mortgage or assignment was void and of no effect. George L. Merrill was appointed guardian *ad litem* for the minor defendants and filed a formal answer on their behalf. Mary J. Nipper, Elizabeth A. Carson, Ida M. Schramm and the other adult defendants entered their appearances in writing but filed no answers. Default was taken against all adult defendants not answering.

The cause was referred to the master in chancery, who heard the testimony and reported his conclusions that John F. Maginn had no vested interest in the real estate he mort-

gaged to Wemple Bros. and that said mortgage or agreement is not a valid lien upon any part of the real estate described therein. He recommended a decree dismissing the cross-bill and granting the relief prayed in the original bill. Exceptions to the master's report by McDevitt and Mitchell were overruled and a decree entered as prayed in the bill. The decree finds that the adult heirs of Maria A. Maginn have requested the complainant, as executor and trustee, to sell the land as provided in the will, but that on account of his owning the undivided one-half of part of the land and his being the sole owner of adjoining land on two sides of it he should not make the sale, and that because of the conflict of his private interests and his official duties the land should be sold by the master in chancery, including the undivided one-half of the 120 acres owned by complainant, in accordance with his desire that the same should be sold. The decree finds John F. Maginn owned no interest in the land and that the assignment or agreement executed by him to Wemple Bros. was not a lien upon any of said real estate or the proceeds thereof. The decree orders all the land to be sold by the master in chancery, acting as trustee, at public auction to the highest and best bidder, and after paying the costs and expenses and the balance found to be due on the mortgages, that the proceeds be distributed, one-fifth to each of the four surviving adult children and one-fifth to the children of John F. Maginn, deceased. McDevitt and Mitchell have prosecuted this appeal from that decree.

Appellants insist (1) that the will gave the executor no estate or interest in the land but gave him only the management and control of it for ten years, with a contingent power of sale at the expiration of that period; (2) that the power of sale being conditional and not absolute, the will did not affect an equitable conversion of the land into personal property, and the heirs of the testatrix took title to the land subject to its being divested by sale at the time

and in accordance with the terms of the power; (3) that there was no such request of the heirs at the end of the ten-year period as to authorize a sale, and the power to sell became a nullity.

We do not agree with appellants' construction of the will. In our opinion under a correct construction of it the decree was in harmony with the authorities. That the testatrix contemplated and intended that a sale should be made and that the power to sell it was not dependent upon the heirs requesting it, we think clearly appears from a consideration of the whole will. The object of making the will was that the testatrix might make such different disposition of her land from that which the law would make in case of intestacy as she desired. She evidenced by her will her intention that the children should not take the land. Her desire was that they should have instead the proceeds of its sale. The land was incumbered, and she did not wish it sold subject to the incumbrances but wanted the incumbrances paid out of the rents and profits of the land. She therefore placed it in the possession and management of her executor for ten years, with direction, at the request of the heirs, to sell it at the expiration of that time. The request of the heirs was not intended as a condition precedent to the exercise of the power. The power to sell was necessary to carry out the intention of the testatrix and the trustee was authorized to make the sale when the time arrived, and if he did not do so the heirs could require him to make the sale. To hold the testatrix did not intend the land to be sold unless all of the heirs requested it would be to say she intended to put it in the power of any one of her heirs to defeat her will and the disposition she had made of her property. The fact that she made no disposition of the property in the event no sale was made shows she considered the disposition made of her land final and that it must be sold to carry out her intention. The power of sale being absolute and not conditional or discretionary, the will

operated as an equitable conversion of the land into personal property, and the children of Maria A. Maginn took no interest in the land. *In re Corrington,* 124 Ill. 363; *Haward* v. *Peavey,* 128 id. 430; *Darst* v. *Swearingen,* 224 id. 229, and cases there cited.

It follows, therefore, that the mortgage or assignment given by John F. Maginn conveyed no interest and created no lien against the land. Neither could it operate as an assignment of an interest in the proceeds of the sale when the period of distribution arrived. The will directed that the proceeds of the sale be distributed equally to the children of the testatrix, (naming them,) "if they then all be living, but in case any of my above named children shall depart this life before that time," to the survivors if the deceased child left no children and to the children of such deceased child if any such survive. Until the time for distribution arrived it could not be determined who would be entitled to the proceeds, and until that time the interest was contingent. (*Hull* v. *Ensinger,* 257 Ill. 160; *Barnes* v. *Johnston,* 233 id. 620; *Brechbeller* v. *Wilson,* 228 id. 502.) John F. Maginn died before the period for distribution arrived, hence never had any vested interest in the proceeds of the sale. He had no interest either in the land or the proceeds of its sale, and could not, therefore, make any valid conveyance or assignment of any interest.

Other questions are discussed in the briefs, but as the only parties complaining of this decree are the appellants, whose interest depends upon the validity of the instrument executed by John F. Maginn to Wemple Bros., and as we have held it is not a lien on the land or the proceeds of its sale and gives the holders no right in the estate and property of Maria A. Maginn, we deem it unnecessary to discuss questions not affecting in any way any right of appellants.

The decree of the circuit court is affirmed.

*Decree affirmed.*