LYDON R. DRURY *et al.* Appellees, *vs.* WALTER C. DRURY *et al.* Appellants.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. WILLS—*rule against perpetuities stated.* No interest subject to a condition precedent is valid unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest, and if the contingent event upon which the estate is limited can possibly happen beyond that time the interest is too remote and its creation is prohibited.

2. SAME—*effect when remainder to a class is to take effect at termination of life in being.* A gift to a class which will take effect, if at all, as a legal remainder of real estate at the termination of a life in being is not within the rule against perpetuities.

3. SAME—*when interest is not within the rule against perpetuities.* A devise to a named grandchild of the life use of certain land with remainder in fee to the heirs of her body, but if she dies without a child then the remainder to go to the testator's great-grandchildren as a class, creates two remainders in fee simple, as alternatives, on such a contingency that only one of them can vest but which requires that either one or the other must vest, at the latest, upon the death of the life tenant; and if the life tenant was in being when the will was made and at the death of the testator the devise is not within the rule against perpetuities.

4. SAME—*when great-grandchild dying before the life tenant's death takes no interest.* Where an alternative remainder to the testator's great-grandchildren as a class, based on the contingency of the death of the life tenant without leaving a child or children, is not, in terms, immediate, and there is no language in the will limiting the gift to those members of the class in existence at the death of the testator, the gift to the class is confined to those members, only, who are in being at the death of the life tenant, and a member of the class who dies before the death of the life tenant takes no interest.

5. SAME—*what remainders are descendible.* If a remainder is vested in a member of a class the maximum number of which is to be ascertained in the future, and will therefore open to let in new members, it will descend to heirs; and a contingent remainder is descendible where the contingency is not as to the persons who will take the ultimate remainder in case it shall ever vest.

APPEAL from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

ELMER M. LIESSMANN, for appellant Bessie M. Drury.

L. T. STOCKING, guardian *ad litem* for infant appellants.

McMAHON & ROGERS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 24, 1893, Richard Drury made his last will and testament and by the second and third clauses provided for his wife, Mary Drury, who afterward, as his widow, renounced the provisions made for her. The sixth clause was as follows:

"*Sixth*—I give and bequeath to my grand-daughter, Myrtle A. Drury, the life use of the following piece of land, to-wit, [describing it,] to have, hold, use and enjoy the same during her natural life. At her death the fee simple title to all of said lands shall pass to and become vested in the heirs of her body, and in case of her death without a child or children the title thereto shall become so vested in my great-grandchildren, and all of said land so willed to her shall be subject to the payment of one-third of the rents, issues and profits thereof, after payment of taxes and repairs, to my wife, the said Mary Drury. And the said last described piece of land, of about seventy-seven and 30/100 acres, shall be subject to the payment of one-half of such rents, issues and profits thereof to my daughter, Mary J. Huggins, during her life."

The testator died on April 28, 1899, leaving Mary Drury, his widow, his children, Mary J. Huggins and William W. Drury, and his grandchildren, Myrtle A. Drury and Lydon R. Drury, children of his deceased son, Robert I. Drury, his heirs-at-law. When the will was made the testator had no great-grandchild, but at his death there was a great-grandchild, Gertrude M. Dineen, capable of taking the estate limited to great-grandchildren, and who died on or about November 8, 1899, during the continuance

271 – 22

of the life estate. Myrtle A. Drury, the life tenant, died intestate about August 21, 1912, without a child or children. At the time of her death there were two great-grandchildren of the testator, Harriet A. Drury and Richard J. Drury, children of Walter C. Drury, a grandson; and Marian Drury, another child of Walter C. Drury, was afterward born. The appellees, Lydon R. Drury, Lily A. Beeken and William W. Drury, three heirs-at-law of the testator, filed their bill in this case in the circuit court of Whiteside county for partition of the land described in the sixth clause, making the appellant Bessie May Drury, the present owner of any interest which passed to her deceased daughter, Gertrude M. Dineen, and the appellants Harriet A. Drury and Richard J. Drury, great-grandchildren of the testator who were living at the termination of the life estate, and others interested as heirs or otherwise, defendants. Bessie May Drury by her answer alleged that at the death of the testator Gertrude M. Dineen became the owner of the entire remainder after the life estate, contingent only upon the life tenant dying without a child, which contingent remainder descended to her father and mother and had become vested in her mother, said defendant. A guardian *ad litem* was appointed for the infant defendants, Harriet A. Drury, Richard J. Drury and Marian Drury, and they answered by their guardian *ad litem*. The chancellor heard the evidence and entered a decree finding that the sixth clause of the will was void because in violation of the rule against perpetuities; that the lands descended to the heirs-at-law of the testator as intestate estate, subject to the dower of the widow, and appointing commissioners to assign dower and make partition. Bessie May Drury was allowed and perfected an appeal, and the guardian *ad litem* of Harriet A. Drury and Richard J. Drury also appealed in their behalf.

The rule against perpetuities is, that no interest subject to a condition precedent is valid unless the condition must

be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest. It is not enough that the contingent event upon which the estate is limited may happen, or even that it will probably happen, within the limits of the rule, but if it can possibly happen beyond those limits the interest is too remote and its creation prohibited by the rule. (*Howe* v. *Hodge,* 152 Ill. 252; *Nevitt* v. *Woodburn,* 190 id. 283; *Lawrence* v. *Smith,* 163 id. 149.) The ground upon which it is claimed that the sixth clause is void under that rule is, that upon the death of the first taker without children the great-grandchildren would include all children standing in that relation to the testator that might be born in the future, and the class to whom the remainder was limited could not be determined until the death of the last grandchild of the testator. Whether that is true depends upon the proper construction of the will. Myrtle A. Drury, to whom the life estate was given, was in being when the will was made and at the death of the testator. After the life estate the remainder was given to the great-grandchildren of the testator on the contingency of the death of the life tenant without children, and if the class of great-grandchildren was to be determined either at the death of the testator or at the death of the life tenant without children, there would be no postponement in the vesting of the legal title after her death and the remainder would not be within the rule. At least at the death of the life tenant it would be determined who would take the estate. If she had a child or children the estate would vest in them, but if she had no child and there were great-grandchildren the remainder would vest in them. A gift to a class which will take effect, if at all, as a legal remainder of real estate at the termination of a life in being is not within the rule against perpetuities. (Gray's Rule Against Perpetuities, sec. 377.) If there should be no member of the class of great-grandchildren in existence at the time of the death of the life tenant, upon which the gift was

to take effect, the gift to the class would fail and the estate would vest in the heirs-at-law, not because of the rule against perpetuities but because there would be no member of the class. There was a limitation of two remainders in fee simple as alternatives, the one for the other, on such a contingency that only one of them could vest, but one or the other must vest, if at all, at the death of a person in being at the death of the testator. The sixth clause does not violate the rule against perpetuities.

The gift of the remainder to the great-grandchildren of the testator was a gift to such persons as should bear that relation to the testator, to be ascertained at some future time. It is contended in behalf of Bessie May Drury that the class was to be ascertained at the death of the testator, and Gertrude M. Dineen being the only member of the class at that time, became entitled to the remainder upon the happening of the contingency upon which it was limited, and that such contingent remainder was descendible and upon the happening of the contingency vested in said Bessie May Drury. The gift to the class was not, in terms, immediate, but the testator provided that upon the death of the life tenant without a child or children the title should become vested in his great-grandchildren. It is true that while a contingent remainder cannot be granted and nothing passes by a deed of it, although no legal estate is conveyed, the estate may be transferred by a warranty deed by way of estoppel if the contingency happens upon which the estate is to vest. Such a remainder may be released to the life tenant or his assignee and is assignable in equity as an executory agreement, which may be enforced whenever the title vests, and it is devisable under the Statute of Wills. (*Ortmayer* v. *Elcock,* 225 Ill. 342; *Golladay* v. *Knock,* 235 id. 412; Sheppard's Touchstone, 239; 4 Kent's Com. 261.) If a remainder is vested in a member of a class the maximum number of which is to be ascertained in the future, and therefore will open to let in new members, it

will descend to heirs, and there are numerous cases of that kind. It is also true that a contingent remainder is descendible where the contingency is not as to the persons who will take the ultimate remainder in case it should ever vest. If the class was determined at the death of the testator, when Gertrude M. Dineen was the only member, or if she was a member of the class at the death of the life tenant, her interest was descendible. If it was a condition that the great-grandchildren should survive the life tenant when the members of the class would be finally determined and the estate would vest in them, no interest passed to Gertrude M. Dineen, because she was not a member of the class at the death of the life tenant. There was no language in the will which confined the gift to great-grandchildren in existence at the testator's death, and the rule is that where the gift is not in terms immediate and so confined and a gift to a class is postponed pending the termination of a life estate, those members of the class, and those only, take who are in existence at the death of the life tenant. In this case the remainder was contingent upon the death of the life tenant without issue, when those who would take the ultimate remainder were to be ascertained and such remainder was to become vested in them. The interest of Gertrude M. Dineen was not only subject to the contingency of the life tenant dying without issue, but also to the contingency of being a member of the class when ascertained. The gift to the great-grandchildren was, in terms, postponed pending the termination of the life estate intervening between the death of the testator and the time when he provided the same should vest upon a condition to be then ascertained, and only those took who were in existence at the termination of the life estate. (*Handberry* v. *Doolittle,* 38 Ill. 202; *Brewick* v. *Anderson,* 267 id. 169; 40 Cyc. 1477; *Webber* v. *Jones,* 94 Me. 429; *Satterfield* v. *Mayes,* 11 Humph. 58.) Bessie May Drury has no interest in the property, and upon the death of the life tenant

it vested in the great-grandchildren of Richard Drury who were then living. Marian, the after-born great-grandchild, took nothing.

The bill of complaint prayed for the cancellation of a deed from William W. Drury to his three children on the ground that it was never delivered, and the finding was to the contrary. Cross-errors have been assigned on the finding, but as the complainants have no interest in the premises, the deed, whether delivered or not, conveyed nothing.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*