(No. 12081.—Judgment affirmed.)

THE KENWOOD TRUST AND SAVINGS BANK, Appellant, *vs.*
BLANCHE S. PALMER *et al.* Appellees.

*Opinion filed December 18, 1918.*

1. WILLS—*what interest will support a contingent remainder.*
A devise of property to a trustee for the lives of the two daughters
of the testatrix, with power in the trustee to mortgage the prop-
erty, creates a particular freehold estate in the trustee which will
support a contingent remainder.

2. SAME—*when remainder is contingent.* A devise of property
to a trustee to be held in trust for the lives of the two daughters
of the testatrix, with power to the trustee to mortgage the prop-
erty, and at the death of the survivor of the daughters the property
to be delivered over to the grandchildren of the testatrix then liv-
ing, creates a contingent remainder in such grandchildren.

3. CREDITORS' BILLS—*a contingent remainder cannot be reached
by creditor's bill.* In Illinois a contingent remainder is not re-
garded as an estate but as the mere chance of having an estate, and
while it may be conveyed by warranty deed by way of estoppel or
released to the life tenant in possession, it is not "any property or
thing in action" which may be reached by a creditor's bill under
the statute.

APPEAL from the Second Branch Appellate Court for
the First District;—heard in that court on appeal from
the Circuit Court of Cook county; the Hon. FREDERICK A.
SMITH, Judge, presiding.

HOYNE, O'CONNOR & IRWIN, for appellant.

ALBERT E. LAKE, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a creditor's bill in the circuit court of
Cook county against the appellees seeking to reach the in-
terest of the appellee Blanche S. Palmer in certain real es-
tate under and by virtue of the will of her grandmother,
Nancy E. McLean, to satisfy a judgment in the municipal
court of Chicago against appellees for the sum of $2862.50,

upon which an execution had been issued and returned "no property found." Upon the hearing of a demurrer of the appellees the court sustained the same and entered a decree dismissing the bill for want of equity. From that decree the appellant appealed to the Appellate Court for the First District, which court affirmed the decree, and the cause now comes to this court on appeal from the Appellate Court, a certificate of importance having been granted by that court.

The fifth clause of the will of Nancy E. McLean, so far as it is involved in this case, is as follows:

"*Fifth*—All the rest and residue of my estate, both real, personal and mixed, wherever situate, of which I die seized or possessed, I give, devise and bequeath to Colin C. Mc-Lean * * * in trust during the lives of my two daughters, Mrs. Alice D. Smith and Mrs. Elizabeth F. Bigelow, and for a period of time after the death of the survivor of said two daughters not exceeding twenty-one years, for the purposes following: (1) To convert all my real estate, except that situated in the city of Chicago, State of Illinois, into money, and to invest the same; * * * (2) to receive the rents, issues and profits of all my real estate; (3) to pay over to my daughters * * * the net income, * * * this to continue during the lives of my said daughters * * * and for twenty-one years after the death of the survivor of them, if my said son, George, should live for twenty-one years after the death of my said daughters; * * * (6) at the death of the survivor of my said two daughters, if my said son, George, be not living, * * * this trust shall cease, and my entire estate then existing, of every kind and nature, both real and personal, and wherever situate, shall be delivered over to my grandchildren then living, by right of representation, and to them, their heirs and assigns forever, I give, devise and bequeath it absolutely. * * * If the buildings of my Chicago property, or any part thereof, should be destroyed and the insurance obtained for such loss, together with such personal property as shall then be-

long to my estate, should be insufficient to repair the damage or re-build the buildings so destroyed, I hereby give and devise to my said trustee full power for that purpose, and for that purpose, only, to borrow the necessary money and to encumber my real estate, by mortgage or otherwise, to secure the payment of the same, and with the insurance money, if there is any, and said personal property and the money so borrowed, to properly re-build said property. This is to be done, however, under the direction of the court having jurisdiction of said trustee."

The bill avers that the daughters, Alice D. Smith and Elizabeth F. Bigelow, devisees in said will, are still living; that the son, George, is deceased; that the defendant Blanche S. Palmer is the daughter of Alice D. Smith and the grand-daughter of the testatrix, Nancy E. McLean. The bill prays for a decree directing the sale of all the right, title and interest of Blanche S. Palmer in and to the real estate therein described as 221 and 223 State street, Chicago, Illinois, and referred to in the will as "my Chicago property," and that the proceeds of the sale may be applied to the extent necessary to the payment of the amount due on said judgment.

As conceded by the appellant, the interest of appellee Blanche S. Palmer in said property is a contingent remainder. When property is devised to a trustee for the term of a particular estate, with power in the trustee to mortgage the property, the estate devised to the trustee is a particular freehold estate which will support a contingent remainder. (*Hull* v. *Ensinger,* 257 Ill. 160; *Spengler* v. *Kuhn,* 212 id. 186; *Brechbeller* v. *Wilson,* 228 id. 502.) As the will here provides that the remainder shall go to the grandchildren of the testatrix living at the time of the death of the survivor of her daughters, Alice D. Smith and Elizabeth F. Bigelow, which grandchildren include Blanche S. Palmer, her estate under the will is a contingent remainder. Gray's Rule Against Perpetuities, sec. 108; *City of Peoria* v. *Darst,*

101 Ill. 609; *Smith* v. *West,* 103 id. 332; *Brechbeller* v. *Wilson, supra; Cummings* v. *Hamilton,* 220 Ill. 480.  ·

Appellant contends, however, first, that the contingent remainder of Blanche S. Palmer in the property in question may be reached and· sold under a creditor's bill; and second, that said interest is not within the terms of the trust created by said will, and does not, therefore, come within the exception found in section 49 of chapter 22 of our statutes, excepting certain trust property from such action.

In support of appellant's first contention it is urged that a court of equity should hold a contingent remainder to be not only a possibility or expectancy, but that it is in addition, in equity, a vested property right subject to the payment of debts.   Under the statute a creditor's bill is an equitable proceeding in chancery against the defendant and any other person to compel the discovery of "any property or thing in action."   (Hurd's Stat. 1917, chap. 22, sec. 49.) In *Ortmayer* v. *Elcock,* 225 Ill. 342, this court said (p. 346) : "At the common law a contingent remainder could not be conveyed by deed or grant but could be effectually barred by a fine.   It could be released to the life tenant or his assignee, and was assignable in equity and devisable under the Statute of Wills.  *  *  *   The law always gladly permitted such rights to be got rid of by release.  *  *  *   A contingent remainder is not an estate and is merely a chance of having one, but it is a right in property which the remainderman could release to the life tenant.  *  *  *   The statutes regulating conveyances, in force before 1872, abolished livery of seizin and provided for conveyances of lands or estates therein, and a contingent remainder was not regarded as an estate." In *Williams* v. *Esten,* 179 Ill. 267, this court said (p. 274) : "Under the authorities cited we regard the law as settled that while a quit-claim deed made by a person possessed of a contingent remainder to a stranger would not pass the contingent interest, yet a· release deed like the one in question, executed by a remainder-man to the life

tenant in possession, will vest in the life tenant the contingent interest of the grantor."

It is the rule in this State that where the contingent remainder-man conveys such contingent remainder by warranty deed he and his heirs and assigns are estopped to claim title as against the grantee in such deed, and when such remainder becomes a vested estate upon the happening of the contingency the title passes by such estoppel to the grantee, (*Walton* v. *Follansbee*, 131 Ill. 147; Tiedeman on Real Prop. sec. 728;) but should such grantor die before said contingency happens, the grantee takes nothing by such deed. *Thomas* v. *Miller*, 161 Ill. 60; *Golladay* v. *Knock*, 235 id. 412; *Hill* v. *Hill*, 264 id. 219.

Whatever may have been the variations from it in other jurisdictions, it is the rule in this State that a contingent remainder is not an estate but is merely the chance of having one. It cannot be the subject of sale. It cannot be levied upon by legal process and cannot be conveyed voluntarily by deed, though a warranty deed may transfer the title, by way of estoppel, after the happening of the contingency, and it may be released to the reversioner. (*Hill* v. *Hill, supra; Haward* v. *Peavey*, 128 Ill. 430; *Ducker* v. *Burnham*, 146 id. 9; *Golladay* v. *Knock, supra; Williams* v. *Esten, supra; Ortmayer* v. *Elcock, supra*.) A court of equity has no jurisdiction to order the sale of a mere contingent remainder. (*Hill* v. *Hill, supra; Furnish* v. *Rogers*, 154 Ill. 569.) It follows that a contingent remainder is not "any property or thing in action" to be discovered in the hands of the defendant or any other person, as those terms are used in our statute relating to a creditor's bill. .

As this view of appellant's first contention disposes of its rights under its bill, it becomes unnecessary to pass on appellant's second contention.

The chancellor did not err in sustaining appellees' demurrer and dismissing appellant's bill for want of equity.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*