(No. 13639.—Decree affirmed.)

ROBERT I. THORNTON, Appellant, *vs.* JOSEPH T. LOUCH
*et al.* Appellees.

*Opinion filed February 15, 1921—Rehearing denied April 14, 1921.*

1. WILLS—*when children of testator take base fee with an ex-pectancy in each other's share.* Where a will gives an estate to the testator's wife for life or during widowhood, with remainder to the testator's four children in equal shares, and provides that if any of the children die before the life tenant and leave "no heirs" then his or her share shall be divided equally among the sur-viving children or their heirs, each child takes a base fee in an un-divided one-fourth interest and an expectant interest in the share of any child dying without issue.

2. DEEDS—*when quit-claim deed conveys an expectant interest.* Ordinarily a quit-claim deed conveys nothing more than the pres-ent interest of the grantor and does not convey an expectancy, but where a will creates a base fee in each of testator's children, giving each child an expectant interest in the share of any child dying before the life tenant without issue, a quit-claim deed from one child to another, reciting that the grantor conveys "all right, title and interest the grantor has or may have" by virtue of heirship to the testator or under his will, conveys the after-acquired title of the grantor based upon such expectant interest.

3. SAME—*equity will enforce assignment of expectancy as con-tract to convey.* Where the expectancy of an heir presumptive is assigned or conveyed to another person the right of inheritance is not extinguished, but equity will enforce the assignment as a con-tract to convey the legal estate or interest when it ceases to be an expectancy and becomes a vested estate.

4. SAME—*statement of principle of estoppel by deed.* Whatever the form or nature of a conveyance, if the grantor recites on the face of the instrument, either by express terms or necessary impli-cation, that he is seized or possessed of a particular estate which the deed purports to convey, the grantor and all persons in privity with him are estopped from afterwards denying it.

APPEAL from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

J. W. RAUSCH, (FRANK L. FLOOD, of counsel,) for appellant.

H. B. SMITH, (ADAMS, CHILDS, BOBB & WESCOTT, and F. M. HARTMAN, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant filed his bill for partition in the circuit court of Grundy county, Illinois, alleging, among other things, that he was the owner of a one-twelfth interest of the east half of the northeast quarter and eleven seventy-seconds of the west half of the northeast quarter of section 7, township 31, north, range 8, east of the third principal meridian, situated in Grundy county; that he derived his title through two warranty deeds, dated June 6, 1913, and February 13, 1915, respectively, executed by William R. Louch and Bessie Louch, his wife, William R. Louch being a devisee of Thomas Louch, deceased, who at the time of his death was the owner in fee simple of said real estate; that Thomas Louch died testate April 6, 1905, leaving his last will, which was duly admitted to probate; that he left him surviving his widow, Eliza Louch, and his children, William R. Louch, Joseph T. Louch, Mabel S. Louch and Eveline R. Miner, as his only devisees and heirs-at-law; that by the second paragraph of his will he provided:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath unto my wife, Eliza Louch, all the property, real and personal, and effects of every name and nature, which I now have, may die possessed of or may be entitled to, to be by her enjoyed as long as she lives and remains my widow, and at her death, or in the event of she re-marrying, all of my said property to be equally divided among my four children, William R. Louch, Joseph T. Louch, Eva R. Miner and Mabel S. Louch, but first my son, the said William R. Louch, to repay into said estate certain amounts he has received therefrom, as evidenced by certain promissory notes, or receive said notes as a part of his share of said estate, and after

the adjustment of said notes then my said children and their heirs shall receive share and share alike, and in the event of any of them dying before their mother and leaving no heirs, then his or her share to be equally divided among the remaining living children or their heirs."

The bill further alleges that William R. Louch paid the notes mentioned in the will of testator, and that on August 31, 1906, he and his wife conveyed by quit-claim deed, for a consideration of $6600, their interest in said real estate to Joseph T. Louch, one of appellees, which deed was recorded on October 1, 1906, and contained the following provision: "It is the intention to convey to grantee by this instrument all right, title and interest the grantor has or may have in the above described real estate by virtue of heirship of the late Thomas Louch, deceased, or under his will, possession of which is deferred during the lifetime of Eliza Louch, widow of Thomas Louch, deceased;" that Joseph T. Louch by virtue of said deed became the owner of an undivided half of said real estate, subject to the rights of the widow and subject to the limitations contained in the will of Thomas Louch, and that Mabel S. Louch and Eveline R. Miner are the owners of the other undivided half of said real estate. The bill further alleges that on September 20, 1906, Joseph T. Louch and Annie Louch, his wife, conveyed by quit-claim deed the west half of said real estate to Eveline R. Miner and Mabel S. Louch, reserving, however, a one-half interest in the buildings on the premises, and that on the same day and as part of the same transaction Mabel S. Louch and Eveline R. Miner quit-claimed all their interest in the east half of said real estate to Joseph T. Louch. The bill further alleges that on January 6, 1911, Mabel S. Louch died intestate in Canada, never having been married; that she left no children, but was survived by Eliza Louch, her mother, William R. Louch and Joseph T. Louch, her half-brothers, Eveline R. Miner, her sister, and Mary A. Gibb, her half-sister, as her sole

and only heirs-at-law, and that Mary A. Gibb was not the child of testator; that by reason of the death of Mabel S. Louch and the provisions of the will of Thomas Louch, deceased, Joseph T. Louch, William R. Louch and Eveline R. Miner have each inherited a one-twelfth interest in the east half of said real estate, and that the undivided half of the west half of said real estate descended to the heirs of Mabel S. Louch according to the laws of descent of this State. The bill further alleges that on April 1, 1913, Eliza Louch, the life tenant, departed this life testate, unmarried; that by her will she gave all her estate, after the payment of debts, in equal shares to her daughters, Eveline R. Miner and Mary Gibb, and to her step-son, William R. Louch; that on February 27, 1913, Eveline R. Miner and Fred E. Miner, her husband, quit-claimed to Joseph T. Louch and wife their interest in the real estate herein, which quit-claim deed contained the same provisions as the deed from William to Joseph; that on the same day, by warranty deed, the Miners conveyed to Joseph T. Louch and wife the west half of the real estate herein, subject to a trust deed to Frank L. Smith dated February 21, 1913, which the grantees assumed to pay. The bill further alleges the execution of a deed of trust on September 22, 1913, by Joseph T. Louch and wife to Henry Stocker, covering the real estate herein, to secure the payment of nine promissory notes aggregating $15,000, but that the interest conveyed to Stocker was only an undivided eleven-twelfths of the east half of the real estate herein and an undivided 71/144ths of the west half of said real estate, together with the buildings located thereon; that appellee Harry Bridges is a tenant on the premises under Joseph T. Louch, and that since the death of Mabel S. Louch, Joseph T. Louch and his wife have had possession of all the premises and collected all the rents therefrom.

Appellees Joseph T. Louch, Anna Louch and Henry Stocker demurred to the bill and the demurrers were over-

ruled. They then filed pleas to the bill, which pleas set forth, among other things, that Mabel S. Louch died testate, and that by her will, which was duly admitted to probate in the district court of Calgary, Alberta, Canada, she devised all her interest in said real estate to Eveline R. Miner and Mary A. Gibb in equal portions. Appellant's motion to strike these pleas was overruled and he then filed a general replication.

At the close of the hearing on the exceptions to the master's report, appellees filed by leave of court an answer to the bill, which answer, among other things, denies ownership of appellant as alleged in his bill; denies that William R. Louch derived any title by devise from his mother and by descent as heir-at-law of Mabel S. Louch, but states that he derived his title solely by devise from his father, Thomas Louch, and that he had, therefore, conveyed all of his interest in said real estate to appellee Joseph T. Louch; denies that appellee Joseph T. Louch by virtue of the deeds to him took only a base fee, but states that Joseph T. Louch became the owner in fee simple of said real estate; denies that William R. Louch inherited any interest in the real estate herein from Mabel S. Louch, as alleged in the bill; denies that by the will of Eliza Louch any interest in said real estate was devised to William R. Louch, Eveline R. Miner and Mary A. Gibb, and denies that appellant took any title by virtue of the two deeds from William R. Louch. It admits the execution of the trust deed to Stocker and denies that the part of the land owned by Mabel S. Louch is not subject to the trust deed.

The cause was referred to a master in chancery, who heard the same on the bill, pleas and replication and made his findings of fact and conclusions of law, recommending that the bill be dismissed at appellant's costs. Objections to the master's report were overruled and the report was filed. On hearing before the chancellor the objections were ordered to stand as exceptions, which were overruled and

a decree was entered finding that the equities were with appellees and that appellant had no title to or interest in the premises described in the bill.

Appellant contends that the master erred in finding and the chancellor in decreeing, first, that each of the children of Thomas Louch, the testator, took a fee simple title to an undivided one-fourth interest in the real estate in question subject to the life estate of the widow; second, that the quit-claim deed from William R. and Bessie Louch to Joseph T. Louch conveyed the after-acquired title vested in William R. Louch by reason of the death of his sister, Mabel S. Louch, before the life tenant and without issue; third, that the deeds from William R. and Bessie Louch to appellant conveyed no title; fourth, that the will of Mabel S. Louch conveyed any interest in the real estate in question; fifth, that the deeds executed by Eveline R. Miner and her husband, and Mary A. Gibb and her husband, to Joseph T. Louch, operated to defeat appellant's title; and sixth, that the conversations between Joseph T. Louch and appellant constitute constructive notice of the existence of the will of Mabel S. Louch, and that the knowledge of William R. Louch as to the existence of such will was notice to appellant of the same.

Appellees' position in support of the decree of the chancellor is, first, that the quit-claim deed conveyed the after-acquired title of William R. Louch in the premises in question; second, that there was fraud and collusion between William R. Louch and appellant in the execution of the deeds to appellant; and third, that appellant had such notice of the existence of the will of Mabel S. Louch that he was not a *bona fide* purchaser for value from William R. Louch.

Appellant contends and appellees concede that the master erred in finding that the children of Thomas Louch took title in fee simple to the real estate in question subject to the life estate of Eliza Louch therein. We agree with this conclusion and hold that the four children took

297—14

a base fee, with an executory devise over in favor of the survivor or survivors in case one or more of the children died before the life tenant without issue.

The principal question presented for decision is the effect of the provision in the quit-claim deed of August 31, 1906, from William R. Louch and wife to Joseph T. Louch, wherein the grantors recite: "It is the intention to convey to grantee by this instrument all right, title and interest the grantor has or may have in the above described real estate by virtue of heirship of the late Thomas Louch, deceased, or under his will, possession of which is deferred during the lifetime of Eliza Louch, widow of Thomas Louch, deceased."

William R. Louch, at the time of the execution of the quit-claim deed by him and his wife, had a base fee in an undivided one-fourth interest in the land in question which was subject to conveyance by deed, but which was subject to be determined and defeated should he die without issue before the death of his mother. He also had an expectant interest in the land in question if he should survive his mother and if his brother or either of his sisters should die without issue before the death of his mother, the life tenant. He would then share in such deceased child's share. This latter interest was not subject to conveyance by ordinary quit-claim deed, for such deed conveys nothing more than the present interest of the grantor. (*DuBois* v. *Judy*, 291 Ill. 340.) Such deed may, however, contain recitals which will convey an after-acquired title, and where an after-acquired title is conveyed by such deed it operates by way of estoppel. *Van Rensselaer* v. *Kearney*, 11 How. 297; *McAdams* v. *Bailey*, 169 Ind. 518, 82 N. E. 1057; 21 Corpus Juris, 1073; 11 Am. & Eng. Ency. of Law,— 2d ed.—410.

William R. Louch conveyed to Joseph T. Louch "all right, title and interest the grantor has or may have in the above described real estate by virtue of heirship of the

late Thomas Louch, deceased, or under his will." The language itself clearly indicates an intention on the part of the grantor to convey all interest that he then had in the property and in addition to that interest his expectancy as heir and devisee of his father. An examination of the evidence shows that William intended to sell and Joseph intended to buy all the interest of William, present and in expectancy, in the estate of his father. The evidence does not show that the expectancy was discussed in particular, but it does show that the proposition to sell was made by William, and that he told Joseph he was going to sell to someone else if he did not buy. There is no claim that the price paid is not all that the interest of William was reasonably worth. Joseph gave William $6600,—$5600 in cash and $1000 paid to Eliza Louch in discharge of a debt owed by William,—for his base fee and his expectancy in 160 acres of land. In the absence of a showing to the contrary this appears to be the full market value of the property conveyed. William has for many years by his conduct recognized the title of Joseph and has made no effort to disturb him in his possession of the property. Where the expectancy of an heir presumptive is assigned or conveyed to another person the assignment is regarded as a contract enforcible in equity against the assignor. The right of inheritance is not extinguished but still exists, and the assignment is enforced as a contract to convey the legal estate or interest when it ceases to be an expectancy and becomes a vested estate. (*Donough* v. *Garland,* 269 Ill. 565; *Hudson* v. *Hudson,* 222 id. 527; *Crum* v. *Sawyer,* 132 id. 443; 1 Pomeroy's Eq. Jur.—4th ed.—sec. 168; 3 id. secs. 1271, 1287.) In *Ridgway* v. *Underwood,* 67 Ill. 419, we quoted Story on Equity Jurisprudence as follows: "Contingent interests and expectancies may not only be assigned in equity but they may also be the subject of a contract, such as a contract of sale when made for a

valuable consideration, which courts of equity, after the event has happened, will enforce."

The principle deducible from the authorities is: Whatever the form or nature of the conveyance, if the grantor recites on the face of the instrument, either by express terms or necessary implication, that he is seized or possessed of a particular estate which the deed purports to convey, the grantor and all persons in privity with him are estopped from afterwards denying it. (*Van Rensselaer* v. *Kearney, supra;* Bigclow on Estoppel, 347; Tiffany on Real Prop.—2d ed.—2118; Rawle on Covenants for Title, 322.) We hold, therefore, that William R. Louch is estopped from asserting that any after-acquired title would not inure to the benefit of Joseph T. Louch.

Appellant, Robert I. Thornton, grantee of William R. Louch, is likewise estopped from denying the title of Joseph T. Louch to the after-acquired interests, because the estoppel operates between the immediate parties and their privies, whether by blood, by estate or by contract. Such estoppel works upon the estate, and, in effect, conveys the after-acquired title. The reason is, that the estate thus affirmed to be in the party at the time of the conveyance must necessarily have influenced the grantee in making the purchase, and hence the grantor, and those in privity with him, in good faith and fair dealing should be forever thereafter precluded from gainsaying it. 2 Pomeroy's Eq. Jur.— 4th ed.—sec. 813; 3 id. sec. 1291; Tiffany on Real Prop.— 2d ed.—2130; 11 Am. & Eng. Ency. of Law,—2d ed.— 411; *Bridge* v. *Kedon,* 163 Cal. 493, 126 Pac. 149.

Having reached the conclusion that the chancellor properly held that the instrument of conveyance transferred all title, present and in expectancy, which William R. Louch had in the property, all other questions raised and discussed in the briefs become immaterial and need not here be considered.

The decree of the circuit court is affirmed.

*Decree affirmed.*