James Earl Fountain, Appellant, v. Risden E. Fountain et al., Appellees.

Gen. No. 9,237.

Opinion filed October 15, 1940. Rehearing denied February 5, 1941.

THOMAS W. HOOPES, of Springfield, for appellant.

BELLATTI, SAMUELL & ARNOLD, of Jacksonville, for appellee Risden E. Fountain.

MR. JUSTICE FULTON delivered the opinion of the court.

The appellant, James Earl Fountain, filed a complaint in the circuit court of Morgan county for partition and for alternative relief. One of the appellees, the Elliott State Bank, as trustee, filed a motion to dismiss, which was sustained, and the court dismissed the complaint for want of equity and hence this appeal.

The controversy arises over the construction of a deed, a trust deed and a will, all executed by James H. Fountain on or about March 22, 1933. The complaint together with the exhibits attached show in substance that by the deed, James H. Fountain conveyed 640 acres of land to the Elliott State Bank; that on the same date the said James H. Fountain and the said Elliott State Bank entered into an agreement and instrument in writing commonly. called a declaration of trust providing that the bank should hold title to the said real estate, subject to the trust outlined in the trust deed; that the ·bank accepted the office of trustee and has since been acting in that capacity under said declaration of trust; that James H. Fountain died on May 14, 1935, leaving surviving him no widow, but the appellant James Earl Fountain, his only child and heir-at-law; that he also left surviving him, James Romandell Fountain, his grandson, child

of the appellant, who became deceased on December 14, 1937, never having been married and leaving no children or descendants of children surviving him; that the appellant was 49 years of age at the time of the filing of the complaint, was married and had two minor children; that by the terms of the trust agreement the bank, as trustee, was authorized to manage, control, handle and lease the real estate, to cause the securities therein listed to be transferred in its name, to sell, invest and reinvest the proceeds thereof, to pay over to James H. Fountain, during his lifetime the net annual income and such part of the principal of the trust as he might ask for, and upon his death to pay all of his funeral expenses, divide certain personal property between the appellant James Earl Fountain and the grandson, James Romandell Fountain, to convey certain real estate to James Earl Fountain, to sell the rest of the real estate, invest the proceeds and hold the balance of the trust estate until James Earl Fountain should attain the age of 60 years, or if he should have died prior to that age then until the date when he would have attained the age of 60 years if living, and during that period to pay the net annual income to James Earl Fountain and James Romandell Fountain directly, with the further provision that if James Earl Fountain or James Romandell Fountain should die before the date of final distribution, then the trustee should pay such one-half part of the income to the wife and children of the one so dying.

The trust agreement provides further that upon the termination of the trust, the bank, as such trustee, shall convert the trust property of every kind and nature into cash and divide the net proceeds into two equal shares, the payment of one of said shares to be made to James Earl Fountain, "if he be then living and if he be not living, then to his children or descendants per stirpes, and to pay the other part of said net proceeds to the said James Romandell Fountain if he

be then living, and if not to his children or descendants per stirpes, provided, that if he leave a widow at the date of such distribution, then such widow shall receive one-third of such one-half part. If neither the said James Earl Fountain nor James Romandell Fountain nor any of their descendants are living at the time fixed for such distribution then the entire trust estate shall be paid over to the 'then heirs at law' of the party of the first part, except that one-third of said trust estate shall be paid to the widow of James Romandell Fountain if then living.''

The will of James H. Fountain intended to dispose of all of the property that might remain in his name at the time of his death, and also to dispose of the trusteed property in case the settlor should have revoked the trust during his lifetime.

In the latter part of par. 2, of said will it was provided, ''And I therefore expressly will and direct that this will shall apply to all property of every kind and nature of which I may die seized and possessed.''

In par. 3, it was provided, ''I give, devise and bequeath all my property and estate, real, personal or mixed of whatsoever kind and nature and wheresoever situate, unto Elliott State Bank of Jacksonville, Illinois, in trust.''

Then follows the terms of the trust which are almost identical with the terms of the trust agreement.

Neither the trust deed nor the will appear to have made provision for the distribution of the income from the trust estate in case either or both of the beneficiaries should die without a widow or children surviving. Nor do they provide expressly for the disposition of the corpus at the termination of the trust in case one only of said beneficiaries should have died without children or descendants surviving him.

Because of this situation it is the contention of the appellant that upon the death of James Romandell Fountain, leaving no widow or children or descendants

surviving him, the appellant James‹ Earl Fountain, acquired the equitable fee simple title to one-half of the real estate described in the trust agreement, as the heir-at-law of James H. Fountain, deceased. As a basis for his position he insists that upon the death of the said grandson, the legal title to said one-half interest was in the trustee and that the equitable title remained in the settlor; that such equitable interest did not pass under the will of James H. Fountain and that cross remainders cannot arise by implication under a deed. For the last contention the appellant relies largely on language used in the case of *Whittaker v. Porter,* 321 Ill. 368, 372, where the court said, "In a deed cross-remainders can be created only by express limitations, but in a will they may be implied." In that case the question under consideration arose under a will and appellee insists must be held to be dicta.

However, in this case there appears to be more to construe than the deed alone. The declaration or trust agreement creates many equitable interests. It provided for a spendthrift trust, for the management, control, sale and distribution of real estate, cash and securities, and for a definite time when the remainders shall become effective and the final distribution made. Conceding the Supreme Court to have laid down the rule that cross remainders in a deed can only be created by express limitations, it is doubtful if such a hard and fast rule should be applied to a declaration of trust containing the language found in the instrument sought to be construed in this case.

In the American Law Institute's Restatement of the Law of Property, sec. 115, the authors announce definitely that in their opinion cross remainders may be implied from the language of deeds as well as from the language of wills.

We believe the trial court correctly found that the instrument involved in this case should be construed by the rules applicable to wills rather than the rules applicable to deeds, and that a cross remainder in

James Earl Fountain should be implied as arising upon the death of James Romandell Fountain without a widow or children or descendants surviving him.

It can further be taken into consideration that on or about the same date the trust agreement was executed the settlor made a will. The appellant urges that the equitable interest in controversy remaining in the settlor did not pass under the will and that the language of said instrument shows that the testator never intended the real estate previously conveyed by the trust deed to pass. In support of this contention, the appellant relies upon the case of *Williams v. Swango,* 365 Ill. 549, which holds that the interest in reversion remaining in the grantor of a deed conveying land to one for life with remainder to the heirs of her body was such an intangible estate that it cannot be said that the grantor was "seized and possessed" of the lands in the technical sense of these terms, and that, therefore, the language in other deeds from the same grantor to other children, that the grantee "accepts the same as and for his entire interest in and share of all of the property of which the grantor may die 'seized and possessed,' " did not deprive such grantee children of their right to inherit the reversionary interest referred to. Counsel states that because of the use of the words "seized and possessed" contained in par. 3 of the will of James H. Fountain, the testator could not have referred to real estate which he had two days before conveyed to a trustee and recognized that such trustee was seized and possessed of the same.

From a reading of the entire will, however, and particularly the portions of pars. 2 and 3, heretofore quoted, we believe the language broad enough to include all property including the estate in reversion and that a cross remainder would be implied.

There is another feature of this trust deed and the will which prevents the right to the present enjoyment of the estate in appellant. The trust agreement

provides par. J, that "upon the date when said James Earl Fountain attains the age of sixty years or upon the date when he would have attained the age of sixty years if living, then said Trustee shall convert into cash all of the property of every kind and nature then belonging to the said Trust Estate, and shall divide the net proceeds into two equal shares." Then follows the distribution of one share to the appellant and one share to the grandson, if living. If not living and leaving no children or descendants living, "at the time fixed for said distribution" then the entire trust estate shall be paid over to the "then heirs at law" of the party of the first part. If the remainder is contingent upon the devisee surviving the life tenant, the devisee must literally survive the person named as life tenant, and not merely survive the life estate. *Danz v. Danz,* 373 Ill. 482; *Hasemeier v. Welke,* 309 Ill. 460.

It appears clear to us that it was the intention of James H. Fountain to defer the vesting of the remainder until his son had attained the age of 60 years, or upon the date when he would have reached that age if living.

Where it is apparent that the testator intended to create a class of remaindermen who were to be determined at a date subsequent to the date of the death of the testator, that intention will prevail over that which would ordinarily be implied from the use of the words "heirs at law". . . . "A fundamental and familiar rule in construing wills is to ascertain the intention of the testator from a consideration of the whole will, and such intention must be given effect if not in conflict with an established rule of law or of public policy." *Brumsey v. Brumsey,* 351 Ill. 414.

We believe the intention of James H. Fountain was clearly expressed in the instruments under consideration in this case. Preservation of the estate for the benefit of his son, grandson and their descendants until

James Earl Fountain attained or would have attained the age of 60 years, if living, was uppermost in his mind, and that in case of the death of either the son or the grandson before such period terminated, the share of the one so dying in the income should go to his children or descendants, and that by implication of law, if either of said life tenants should die within the period of the trust leaving no children or descendants and no widow, as in the case of James Romandell Fountain, that the share of the one so dying should go to the other life tenant. Outstanding contingent interests are a bar to appellant's right of present enjoyment and, in our opinion, he is not entitled to partition nor to the relief asked for in his complaint.

The decree of the circuit court dismissing the complaint for want of equity was, in our judgment, correct and is hereby affirmed.

*Affirmed.*