(No. 26115.—

THE CITIZENS NATIONAL BANK OF ALTON, Appellant, *vs.*
EMMETT TOURVILLE GLASSBRENNER *et al.* Appellees.

*Opinion filed June 17, 1941—Rehearing denied September 15, 1941.*

Shaw, Wilson and Smith, JJ., dissenting.

Verlie, Eastman & Schlafly, and Emerson Baetz, for appellant.

DuHadway & Suddes, and F. A. DuHadway, guardian *ad litem,* for appellees.

Mr. Justice Farthing delivered the opinion of the court:

Appellant, the Citizens National Bank of Alton, brought this suit in the circuit court of Jersey county to foreclose a mortgage on certain real estate in that county. The mortgagor was Peter F. Glassbrenner, who died prior to the institution of this suit. Appellees Emmett Tourville Glassbrenner and Walter Ray Glassbrenner, are his sons and only heirs. Walter Ray is incompetent and is represented by a guardian *ad litem.* The cause was decided on the pleadings, and as they are rather involved, it will be necessary to set them out at length.

The bill to foreclose alleged the death of Peter Tourville, testate, with a fee simple title to the land. By his will, this land was devised to Peter F. Glassbrenner, the mortgagor, for life, and after his death the property was to go to his surviving ·children. The provision of Peter

Tourville's will is: "I give and devise to my grand-son Peter F. Glassbrenner [the property in question, describing it] for and during his natural life and after his death, I give and devise the above described tract of land to the surviving children of the said Peter F. Glassbrenner, equally share and share alike and to their heirs forever." Peter F. Glassbrenner was married and had two sons who survived him and are appellees. After the testator's death, Peter F. Glassbrenner conveyed his life estate to his wife, Lorena. She died intestate in 1914, and her husband inherited ⅓ and appellees each inherited ⅓ of the life estate *pur autre vie*. The above facts are not disputed. The bill then alleged that, in 1925, Peter F. Glassbrenner, his two sons and the sons' wives, "filed their joint *ex parte* Bill to construe the Will of Peter Tourville" in the city court of Alton, Madison county, Illinois. The proceedings in that court are then set out in *haec verba*. The bill was styled "Ex Parte— Bill to Construe Will" and listed all five of the above mentioned persons as complainants. They are also named as "petitioners" in the first sentence of the bill and the names of all five appear as signers of the bill. That bill alleged no uncertainty or ambiguity in Peter Tourville's will but stated it left the land to Peter F. Glassbrenner for life, with remainder to appellees, but did not state whether the remainders were contingent or vested. It stated the land was unimproved and depreciated in value and "your petitioner [singular] desires to improve said premises * * * so that the same can be cultivated and used more advantageously." It then stated that "your petitioners therefore" pray that appellees quitclaim their interest in said premises to Peter "and thereby vest fee simple title" in him; that appellees be decreed as the only persons who could take as remaindermen under the will, and that Peter "pay to the grantors such sums of money to be agreed upon between them as to the terms, price and execution of said deed."

Then followed an entry of appearance dated October 11, 1924, which purported to be signed by appellees and their wives "as defendants." The bill and entry of appearance were filed and the decree rendered on the same day, January 24, 1925. That decree found that Peter F. Glassbrenner had a life estate in the premises by virtue of the will of Peter Tourville, that appellees were his only children, that they "are the remaindermen" in the will; and "that a deed from the remaindermen to the said Peter F. Glassbrenner would merge the life estate with the interest of the remaindermen and vest the title to said real estate." It was ordered that appellees execute a quitclaim deed of their interest to Peter "upon such terms and conditions as may be agreed upon between the grantors and the grantee and that the fee simple title to said real estate upon the execution and delivery of said deed vest the title absolutely in the said Peter F. Glassbrenner."

February 4, 1925, appellees and their wives executed a quitclaim deed to Peter F. Glassbrenner. It was in the statutory form, except that after the description appeared the following: "The Grantors, Walter Ray Glassbrenner and Emmet Tourville Glassbrenner, being the Legatees under the Last Will and Testament of Peter F. Tourville, Deceased, and only children of Peter F. Glassbrenner, the Grantee, and his deceased wife, Lorena Glassbrenner."

March 10, 1925, Peter F. Glassbrenner mortgaged the premises to plaintiff to secure a note for $3500. The foreclosure complaint alleged that in making this loan plaintiff "did rely upon the apparent fee simple title which then appeared to be vested in Peter F. Glassbrenner, by virtue of the proceedings in the Alton city court * * * and the apparent title of record, notice of all of which the plaintiff was charged by law." It further alleged the death of Peter F. Glassbrenner in 1936, and that appellees are his only heirs; that Walter Ray Glassbrenner had become in-

competent and that a guardian *ad litem* had been appointed for him. Default in the mortgage was alleged, and then followed the usual prayer for foreclosure.

The answer of appellees admitted that Peter F. Glassbrenner filed the so-called bill to construe the will, but denied that they had anything to do with it and asserted that it was done without their knowledge, consent, approval or ratification, and, specifically, that they were joined as petitioners without their knowledge, etc. It admitted they signed the entry of appearance but only as defendants, not as plaintiffs. It denied they authorized the filing of the entry of appearance, but asserted they signed it long prior to the filing of the suit and then only on the representations made them by Peter F. Glassbrenner that the purpose of the suit was to enable him to recapture the life estate he had conveyed to his wife and of which appellees owned two-thirds after her death. The answer admitted the entry of the decree, but denied appellees were present in court at that time, either in person or by counsel, and asserted the attorney named in the decree as their lawyer was never hired or approved by them, and that the decree was void.

The answer admitted the execution of the quitclaim deed, but denied it was executed pursuant to the city court decree or with any knowledge of it or for any of the purposes mentioned in the decree. They alleged they executed the deed on the representations to them by Peter and his attorney that it conveyed only their interest in the life estate, but would not convey any interest they might subsequently acquire under the will as contingent remaindermen on the death of their father, and they executed it under the belief that was true.

The answer denied that appellant, in making the loan, relied on an apparent fee title appearing to be vested in Peter by virtue of the Alton city court proceedings and title of record, and alleged they showed no such fee simple title. In support, it was alleged the decree was void as an

attempt to render a declaratory judgment or advisory opinion, that there was no justiciable controversy shown by the pleadings, that the reversioners, who were necessary parties, were not made parties; that because the land was located in Jersey county, while the city of Alton was in Madison county, the court lacked jurisdiction of the subject matter. It further alleged the quitclaim deed did not convey the contingent remainders because they were after-acquired property, that the Alton city court proceedings were not of record in Jersey county, so were not part of the chain of title, and that the records of Jersey county showed no apparent fee title in Peter F. Glassbrenner.

Appellees filed a motion to strike certain portions of the answer. These portions included all the controversial issues as to the effect of the Alton city court proceedings, the execution of the quitclaim deed, and the making of the loan and execution of the mortgage. This motion was denied, and in a memorandum opinion denying it, the court held: (1) All the facts appear of record, except certain allegations concerning the entry of appearance and certain allegations of fraud in connection with the execution of the quitclaim deed, which allegations plaintiff, by its motion to dismiss, admitted; (2) the city court decree was void because it was not even claimed the will was ambiguous, the decree was in the nature of a declaratory judgment or advisory opinion as to what the title would be in the future if certain acts were performed, and that the court lacked jurisdiction of the subject matter and parties. The court did not pass on the question of whether the entry of appearance was procured by fraud. (3) There was no estoppel, because plaintiff was charged with all knowledge that could be gained from the records of the county where the land was located, and these showed the mortgagor held only a life estate, because a quitclaim deed does not convey contingent remainders; that no act of appellees contributed to plaintiff's injury, for it knew all the facts

in regard to the title, whether it was properly advised as to their legal effect or not. The opinion concluded by saying that if plaintiff elected to stand on its motion, the suit should be dismissed for want of equity.

Plaintiff then filed a reply which it later amended. In this reply certain allegations of the answer, which had previously been admitted by the motion to dismiss, were denied and others were sought to be overcome by setting up new matter. The reply denied the city court proceedings were begun by Peter, alone, or without the knowledge and approval of defendants, and, in the alternative, alleged defendants did ratify and approve the institution of the suit and are now estopped to deny their authorization. It denied defendants never authorized the filing of their entry of appearance, asserted any representations by Peter to them about trying to recapture a life estate were unknown to plaintiff, and that defendants knew the proceedings were for the purpose of vesting a fee title in Peter so he could mortgage the property in order to make permanent improvements on it. It denied defendants were not present in court in person or by counsel at the time of the entry of the city court decree, denied the attorney of record was not authorized to appear for them, and, in the alternative, alleged defendants should not be permitted to deny the factual findings of the city court decree. It further denied the quitclaim deed was not delivered pursuant to the city court decree or with knowledge of it, and that the defendants were advised the deed conveyed only a life estate and not their contingent remainders. It denied that the city court proceedings, relied upon by plaintiff, failed to disclose a fee title in Peter for any of the reasons alleged in the answer, and asserted the deed conveyed the defendants' contingent remainder. It alleged that when the deed is considered with the city court proceedings, an intention to convey the contingent remainders is disclosed, and that in view of the recitation in the deed with reference to the

grantors being legatees under the Peter Tourville will, defendants are estopped to assert their title. The amended reply concluded by alleging that all the proceedings, beginning with the filing of the bill in the city court and ending with the obtaining of the mortgage loan, were all parts of one and the same transaction, the intent, purpose and object of which was to obtain a loan of $3500 from plaintiff to Peter F. Glassbrenner upon the security of the mortgage deed; that defendants knew this was one transaction and its purpose, and participated in it with such knowledge; that they added to the deed the part about grantors being legatees, etc., for the purpose of including in the deed their contingent interests, and for the purpose of inducing plaintiff to make the mortgage loan, and are, therefore, now estopped from asserting their after-acquired title. A motion to strike this reply was granted and the complaint dismissed for want of equity. This appeal followed.

It is apparent the outcome of this cause will depend on whether appellees either conveyed their contingent remainder by the quitclaim deed, or are estopped, either by deed or by their conduct, from asserting their titles in fee which vested on the death of Peter F. Glassbrenner. If so, the land is subject to the mortgage; if not, the only interest the mortgage covered was the life estate which terminated on the death of the mortgagor, and appellees now own the land free from the mortgage. The determination of the issues thus involves a freehold. *Trapp* v. *Gordon,* 366 Ill. 102; *Kronan Building and Loan Ass'n* v. *Medeck,* 368 id. 118.

Appellees contend that after the court had passed upon the motion to dismiss the answer, the same issues could not again be presented by the filing of a reply. They rely on section 48 of the Civil Practice act. (Ill. Rev. Stat. 1939, chap. 110, par. 172.) That section enumerates certain defects in pleading which may be raised by motion to dismiss, and then provides that "The raising of any of the

foregoing defenses to the action by motion shall not preclude the raising of them subsequently by answer unless the court shall have made a decision therein; and a failure to raise any of them by motion shall not prejudice raising them by answer." It is a sufficient reply to observe that none of the defects enumerated in that section is similar to the alleged deficiencies in the answer in the present case. Here the primary issues are whether defendants are estopped either by deed or *in pais* to deny that the quitclaim deed conveyed their contingent remainder. Estoppel is ordinarily a question to be determined on the facts of the particular case, and it seems fundamental that, merely because a plaintiff claims that the allegations of the answer, even if true, state no defense to his cause of action and he is overruled in such contention, that he is not precluded from thereafter denying the allegations of the answer or from overcoming them by allegations of fact in the nature of confession and avoidance. He is not bound to test the sufficiency of an answer at his peril. By the order denying its motion to dismiss, plaintiff was given leave to plead over. By doing so it did not forfeit any of its grounds of recovery therein set up. The issues raised by the reply are properly before us.

Section 10 of our Conveyances act (Ill. Rev. Stat. 1939, chap. 30, par. 9) provides that a quitclaim deed in substantially the statutory form will convey "all the then existing legal or equitable rights of the grantor, in the premises therein described, but shall not extend to after-acquired title unless words are added expressing such intention." This court is committed to the rule that contingent interests are not "existing legal or equitable rights" within the meaning of this statute and they are not transferred by a quitclaim deed unless appropriate words are employed in the deed to express such an intention. (*DuBois* v. *Judy*, 291 Ill. 340.) In this State a contingent remainder is not regarded as an estate but as a mere chance of later acquiring

one, and, on vesting, is regarded as an after-acquired title. (*Hill* v. *Hill,* 264 Ill. 219; *Kingman* v. *Harmon,* 131 id. 171.) Nevertheless, if it appears from the deed that the grantor has expressed the intention to convey a contingent remainder, he and all persons in privity with him will thereafter be estopped from denying that such interest was effectually conveyed, and that, when it vests, the estate inures to the benefit of the grantee. (*Thornton* v. *Louch,* 297 Ill. 204.) Appellant insists that the principle of estoppel by deed enunciated in *Thornton* v. *Louch, supra,* is applicable here. In that case the grantor at the time of the conveyance had a base fee in remainder in an undivided one-fourth of the land in question and he also had a contingent remainder in the other three-fourths if he should survive his mother, and if his brother or either of his sisters should die without issue before the death of his mother, the life tenant under the will of Thomas Louch, deceased. By a quitclaim deed he conveyed "all right, title and interest the grantor has or may have in the above described real estate by virtue of heirship of the late Thomas Louch, deceased, or under his will." It was held that deed indicated an intention on the part of the grantor to convey all the interest he had in the property, including his contingent remainder, and, therefore, the grantor could not deny it, because the estoppel, in effect, conveyed the after-acquired title.

The language of the deed before us which is relied on as bringing this case within the rule of *Thornton* v. *Louch, supra,* is that which appears after the description and is: "The grantors, Walter Ray Glassbrenner and Emmet Tourville Glassbrenner, being the Legatees under the Last Will and Testament of Peter F. Tourville, Deceased, and only children of Peter F. Glassbrenner, the Grantee, and his deceased wife, Lorena Glassbrenner." This language does not disclose an intention to convey the contingent remainder the grantors took under the will of Peter Tourville. Obviously there is no express conveyance. Nor is such an

intention reasonably implied. The words, which do not even constitute a complete sentence, are not in the granting part of the instrument, and they are not words which purport to transfer title. From aught that appears from the instrument, they are merely words *descriptio personae*. It may have been that such an intention existed in the minds of the parties, but it was not expressed in the deed. A mere statement that the grantors are legatees under the will of one person and the children of two others, is not sufficient to convey the contingent interests acquired under the will. Considering the deed, alone, the only interest conveyed was the two-thirds' interest in the life estate owned by the grantors.

Appellant urges that even if the deed, standing alone, is not susceptible to the interpretation it claims, that when it is considered with the allegations in regard to the city court proceedings and the execution of the deed, which now stand admitted by the motion to dismiss the reply, appellees are, in equity, precluded from denying the deed conveyed their contingent remainder. Appellant admits it does not rely on the city court decree as a valid decree but it relies on it only as one of the elements which tends to create an estoppel. We think a fair statement of those allegations is as follows: Appellees either authorized or later approved and ratified the bringing of the proceedings in the Alton city court and authorized the filing of their entry of appearance as defendants in that suit; they knew that the purpose of that proceeding was to vest the fee simple title in Peter F. Glassbrenner so he could mortgage the property in order to obtain money with which to make improvements on the premises; they were present at those proceedings, either in person or by counsel authorized to appear for them; the quitclaim deed was delivered pursuant to the city court decree and with knowledge of it, and appellees were not advised it conveyed only their interest in the life estate; appellant relied on these proceedings;

the entire proceedings, from the institution of the Alton city court suit to the execution of the deed, were really one transaction, the purpose of which was to obtain a $3500 loan from appellant on the security of the mortgage; this was known to appellees who participated in the plan; the provision in the deed about the grantors being legatees, etc., was inserted by appellees for the purpose of including their contingent remainder in the deed, and for the purpose of inducing appellant to lend Peter the money.

Without considering to what extent these allegations are mere conclusions of the pleader and not allegations of ultimate facts, and thus not admitted by a motion to dismiss, we are of the opinion they, even if proved, would not show an equitable estoppel. Appellant admits the admittedly void court proceedings were not part of the chain of title recorded in Jersey county. Nor is there an assertion that Peter F. Glassbrenner and appellees did not, in good faith, believe the decree and the quitclaim deed would effectually convey a fee simple title to the grantee. All of the allegations are consistent with innocence on the part of appellees. Even if their purpose had been to vest in Peter F. Glassbrenner a title on the security of which he could borrow money, there would still be none of the elements of estoppel *in pais* present. That appellant misconstrued the legal effect of a deed executed by appellees and, as a result, stands to lose its security for the loan, is unfortunate. However, that constitutes no ground for precluding appellees from asserting rights which, in contemplation of law, have later come into being, and which they are not estopped by their deed or by their conduct to assert.

The decree is affirmed.

*Decree affirmed.*

SHAW, WILSON and SMITH, JJ., dissenting.