(No. 26658.—

MARTHA E. CAMPBELL *et al.*, Appellants, *vs.* CURTIS T. CAMPBELL *et al.*—(LUELLA GREGORY, Appellee.)

*Opinion filed June 11, 1942.*

JOSEPH E. WINTERBOTHAM, and C. I. MARTIN, for appellants.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Jackson Gregory died testate on December 10, 1940. His will was proved and admitted to record in Scott county on January 18, 1941. He left approximately $11,000 personal estate and a 160-acre farm. His only heirs-at-law were his widow, Luella Gregory, his sister, Martha Campbell, and his nieces and nephews, Wesley Gregory, Henry Gregory, Iva Smith, Edward Gregory, Clara Barfield, Curtis Campbell, Albert J. Campbell, James Campbell, Charley Campbell, Minerva Waters and Ida Beltz, children of his deceased brothers and sisters.

On April 5, 1941, Martha Campbell, a sister, and Charley Campbell, a nephew, filed a bill against Curtis Campbell and the other heirs-at-law listed above to partition the real estate. On October 27, 1941, Luella Gregory, the widow, filed a cross-complaint for partition in which she made Martha Campbell, the sister, and the eleven nieces and nephews and the administrator with will annexed, cross-defendants. She alleged the death of her husband; her renunciation of his will; his ownership of one hundred and sixty acres of land; that he left her surviving, together with Martha Campbell, a sister, and eleven nieces and nephews as his only heirs; and alleged that certain remainders under the will were contingent and would not vest until her death. In addition to her prayer for partition

she sought the appointment of a trustee to hold and manage the part set off to the contingent remaindermen, until her death, if the land was divisible, and if not, then such trustee was to receive, hold and manage that part of the proceeds of sale which would be the subject of the contingent remainders. Martha Campbell and Charley Campbell as cross-defendants answered the cross-bill and admitted all allegations except that the remainders were contingent. They alleged that instead they were vested remainders and the enjoyment was postponed only to let in a life estate. Curtis Campbell and nine other nieces and nephews as cross-defendants moved to strike out of the cross-complaint the allegations that the remainders were contingent. Reuter, the administrator with the will annexed, did not answer the cross-complaint. The court denied the motion of Curtis Campbell *et al.* and entered a decree for partition in accordance with the prayer of the cross-complaint, but failed to appoint a trustee. The cross-defendants have appealed. Clause two of Jackson Gregory's will reads as follows:

"SECOND: I will, devise and bequeath to my beloved wife, Luella Gregory, all of my estate, both real, personal and mixed, and wheresoever situated, she to have and hold the same and have, the use and income from the same so long as she shall live and at her death and after she has had proper and ample burial and after all her just debts and funeral expenses have been fully paid, then I will all the rest and residue to my brothers and sisters then living, and in the event that any of my said brothers and sisters or any brother or sister shall be dead at the time for distribution, then it is my will that the share that goes to any deceased brother or sister is to go in equal proportions to the child or children of the said deceased brothers or sisters. But I wish it distinctly understood that none of my aforementioned brothers or sisters, nor their child or children are to take any interest in the title to any of my estate, but they are to have an interest in the proceeds of the sale of my said property, it being my intention and desire that at the death of my said wife, and after the payment of all of her just debts and funeral expenses, all of my said estate is to be converted into money and the proceeds divided as set forth in the first part of this paragraph."

The contention of the appellants is that the remainders were vested and that since the life estate was destroyed when the widow renounced, the doctrine of acceleration of remainders applied and the right of enjoyment of the remaindermen took effect immediately.

The rule applicable to this case is stated thus in our decision in *Scofield* v. *Olcott,* 120 Ill. 362, 373: "Thus, a gift to a person, if or when he shall attain a certain age, will not vest, until the age is attained. In other words, if the reason for the postponement is the position of the *fund,* the bequest in remainder vests at once; but if it is the position of the *legatee,* the remainder is contingent." In *Thomas* v. *Thomas,* 247 Ill. 543, 545, it is stated as follows: "The rule contended for by appellants is applicable in cases where the postponement of the period of distribution is for reasons personal to the devisees, or in cases where the language clearly indicates an intention that the remainder is to vest only in such members of the class as survive the period of distribution." More recently in *Danz* v. *Danz,* 373 Ill. 482, 486, we discussed contingent remainders and said: "Thus, on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death. But on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent.—*Riddle* v. *Killian,* 366 Ill. 294; *Sherman* v. *Flack,* 283 id. 457; *Smith* v. *Chester,* 272 id. 428; *Lachenmyer* v. *Gehlbach,* 266 id. 11."

It is only necessary to call attention to a part of the second clause of the will quoted above, "and at her death and after she has had proper and ample burial and after all her just debts and funeral expenses have been fully paid, then I will all the rest and residue to my brothers and sisters then living." The words "then living" are beyond

question words of survivor and the persons to take cannot be determined in this case until the widow, appellee, Luella Gregory, dies. The interests were contingent and the circuit court of Scott county was right in so holding.

The case of *Schaffenacker* v. *Beil,* 320 Ill. 31, except as to the quoted provision in the will before us, *viz:*

"But I wish it distinctly understood that none of my afore-mentioned brothers or sisters, nor their child or children are to take any interest in the title to any of my estate, but they are to have an interest in the proceeds of the sale of my said property, it being my intention and desire that at the death of my said wife, and after the payment of all of her just debts and funeral expenses, all of my said estate is to be converted into money and the proceeds divided as set forth in the first part of this paragraph"—

is on all fours with this case. In that decision this court stated that the rule in equity is that the court will take hold of the estate relinquished to compensate as far as possible the disappointed devisees. It will sequester the devise or bequest renounced and apply it in the place of the devises and bequests defeated, and that is what should have been done here. The life estate should have been sequestered and continued in force, as to the one-half, subject to one half of the homestead interest, to be managed by a trustee appointed by the court, to serve during the life of the widow. The trustee should have been directed to rent the real estate to the best advantage, in case the same were not sold, or in case it was sold, to invest that part of the proceeds he was to receive, to the best advantage, during Mrs. Gregory's lifetime, so that the proceeds with the accumulations, after payment of necessary and reasonable expenses, might be paid to the devisees and legatees in such proportion as it shall be determined they are entitled to take, under the will of Jackson Gregory, deceased, at the death of his widow.

The contingent interests of the cross-defendants, appellants, are not real property and cannot now be partitioned as found and decreed by the court because it cannot now

be determined who will take or in what proportion those who do will take at the widow's death.

As was pointed out in *Schaffenacker* v. *Beil, supra,* at p. 43, the foregoing suggestions are made to the parties in interest so that they may, if they desire, have all inaccuracies in the decree removed on application to the trial court for that purpose, and leave is hereby given, if they shall be so advised, on remandment of this cause, to make and be heard on such application to have its decree amended and corrected.

The cause is remanded with directions to modify the decree, to sequester the life estate, to appoint a trustee to manage the land subject to one half of the homestead if it is susceptible of division and partition, and if not, to receive and manage that part of the proceeds of sale of the land during the life of the widow, the appellee, Mrs. Luella Gregory, for the use and benefit of those legatees who take at her death, in accordance with the views herein expressed.

The appellee, Mrs. Luella Gregory, is in no way affected by this decision. The costs of this appeal are taxed against the appellants, for that reason.

*Affirmed in part, reversed in part*
*and remanded, with directions.*