**In re REIFSTECK.**

**No. 3547–D.**

District Court, E. D. Illinois.

April 19, 1947.

Eugene Bland, of Shelbyville, Ill., for bankrupt.

John Barth, of Urbana, Ill., and W. R. Wicks, of Danville, Ill., for creditor.

LINDLEY, District Judge.

The trustee seeks to sell the interest of the bankrupt in certain real estate devised to him by his father under his last will and testament. The referee, believing the interest created by the will to be contingent and, therefore, not alienable, denied the petition. Thereupon the trustee perfected this review.

The clause under which the interest of the bankrupt is created reads as follows: "After the payment of such funeral expenses and debts I give, devise and bequeath unto my beloved wife Rosa Reifsteck all of my property of whatsoever kind or character of which I die seized, to have and to hold the same during the term of her natural life, or to dispose of as she may elect. Provided, however, that in the event she shall sell any of the real estate given her by the provisions of this Will, then it is my will and I hereby direct that the proceeds derived from the sale of said real estate shall, as soon as conveniently may be after such sale, be divided as follows: one half to my said wife Rosa Reifsteck, and the other half to my two sons, Walter Reifsteck and Oscar Reifsteck, share and share alike. Also, it is my will, and I hereby direct that after the death of my said wife, Rosa Reifsteck, that then any of the property still remaining given her by the provisions of this will, shall be divided equally between my two said sons, Walter Reifsteck and Oscar Reifsteck, if living, and provided however, that in the event of the death of either of my said sons before coming in receipt of his said share as provided herein, then it is my will that such share as would be given him by the provisions of this will, shall go to his surviving children, and I hereby direct that such share shall be held in trust for his said child or children until the same have become of age."

I think there is no question under the Illinois authorities but that the interest of the bankrupt created by this devise is of contingent character. The legal effect is to give the testator's widow, a life estate in the property of which the will disposes with power of sale exercisable by her during her lifetime. The interests over at the end of the life estate are contingent re-

mainders except that, so far as they pertain to personal property, perhaps, to be technically correct, we should term them contingent executory devises or bequests. In any event, even as to personalty, the future interests to take effect on the life tenant's death are analogous to contingent remainders and are to be construed in accord with the rules governing in construction of real property interests.

■■ All this, I think, is clear from the decisions of the Supreme Court of Illinois. Thus, in Carey & Schuyler's "Illinois Law of Future Interests" page 429, it is said: "Our court, however, has regularly and almost without exception held that interests in whose creation words importing survivorship are used, are contingent on survivorship, and the particular form of words used seems to be of no significance. Thus the gift is contingent not only where survivorship is 'made a part of the description' of the devisee or devisees, as where the gift is to the 'surviving,' 'living,' or 'then living' children of A or to 'such of' A's children as may be living or surviving at the termination of the preceding estate, but also in cases where the gift is to a group of persons 'or the survivors of them,' or to a person or group of persons 'if he (or they) survive.'" Supporting this conclusion are the following cases: Temple v. Scott, 1892, 143 Ill. 290, 32 N.E. 366; Chapin v. Crow, 1893, 147 Ill. 219, 35 N.E. 536, 37 Am.St.Rep. 213; Barr v. Gardner, 1913, 259 Ill. 256, 102 N.E. 287; Betz v. Farling, 1916, 274 Ill. 107, 113 N.E. 40; Ryan v. Beshk, 1930, 339 Ill. 45, 170 N.E. 699; Elliott v. Brintlinger, 1941, 376 Ill. 147, 33 N.E.2d 199, 133 A.L.R. 1364; Fountain v. Fountain, 1940, 308 Ill.App. 330, 31 N.E.2d 423. Since the date of publication of the work quoted from, the Supreme Court has rendered various other decisions to the same effect. Citizens National Bank of Alton v. Glassbrenner, 377 Ill. 270, 36 N.E.2d 364; Campbell v. Campbell, 380 Ill. 22, 42 N.E.2d 547; Martin v. Casner, 383 Ill. 260, 48 N.E.2d 944; Johnston v. Herrin, 383 Ill. 598, 50 N.E.2d 720; Hunsley v. Aull, 387 Ill. 520, 523, 56 N.E.2d 773; Hayden v. McNamee, 392 Ill. 99, 63 N.E.2d 876; Geiger v. Geer, 395 Ill. 367, 375, 69 N.E.2d 848. From all of these, it is clear

that the Supreme Court of Illinois has consistently held that words of survivorship of any kind, when used as a condition to vesting of title, make the gift of a future interest contingent upon survivorship. Accordingly, the interest of the bankrupt in any of the property disposed of by his father's will is contingent. The question then arises as to whether this contingent estate passed to the trustee in bankruptcy.

■ The governing section of the Bankruptcy Act is 70, sub. a(5), 11 U.S.C.A. § 110, sub. a(5), which provides that the trustee shall be vested with the bankrupt's title to "property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered." My inquiry, then, is whether a contingent interest constitutes, in the state of Illinois, property which "could by any means have (been) transferred" by the bankrupt or might have been levied upon or sold under judicial process against him. The Court of Appeals for this Circuit, in In re Landis, 7 Cir., 41 F.2d 700, 703, in interpreting this section, believed that "there were means, recognized by the laws of Illinois, by which [the bankrupt] could have transferred the remainder in the land devised to him by his father." That decision is binding upon me unless something has occurred since its date to change the views of the Circuit Court of Appeals as to the governing law in Illinois. Since In re Landis was decided, the Supreme Court of Illinois, in Johnston v. Herrin, 383 Ill. 598, 50 N.E.2d 720, 724, in determining whether a trustee in bankruptcy took title to a contingent remainder, held in the negative, saying: "This brings us to the question whether appellees, at the time they filed their respective petitions in bankruptcy, had an interest in the estate of their father which passed to their respective trustees in bankruptcy. The rule in this State is that a contingent remainder is not an estate but is merely a chance of having one. It cannot be the subject of sale. It cannot be levied upon by legal process and cannot be conveyed voluntarily by deed, though a warranty deed may transfer the title by

way of estoppel, or recovery may be had on contract where an assignment has been attempted, after the happening of the contingency, and it may be released to the reversioner. Kenwood Trust & Savings Bank v. Palmer, 285 Ill. 552, 121 N.E. 186; Hill v. Hill, 264 Ill. 219, 106 N.E. 262; Golladay v. Knock, 235 Ill. 412, 85 N.E. 649, 126 Am.St.Rep. 224; Williams v. Esten, 179 Ill. 267, 53 N.E. 562; Ducker v. Burnham, 146 Ill. 9, 34 N.E. 558, 37 Am.St.Rep. 135; Haward v. Peavey, 128 Ill. 430, 21 N.E. 503, 15 Am.St.Rep. 120. A court of equity has no jurisdiction to order the sale of a mere contingent remainder. Kenwood Trust & Savings Bank v. Palmer, 285 Ill. 552, 121 N.E. 186; Hill v. Hill, 264 Ill. 219, 106 N.E. 262; Furnish v. Rogers, 154 Ill. 569, 39 N.E. 989. It follows that appellees' interest in their father's estate at the respective dates when they filed their petitions in bankruptcy, were contingent remainders which were not 'any property or thing in action' to be discovered in the hands of appellants or any other person."

In the same year, the court, in Martin v. Casner, 383 Ill. 260, 48 N.E.2d 944 held a contingent interest not subject to partition. To the same effect is Campbell v. Campbell, 380 Ill. 22, 42 N.E.2d 547. In Citizens National Bank v. Glassbrenner, 1941, 377 Ill. 270, at page 278, 36 N.E.2d 364, 369, the court directed attention to the Illinois statute in the following language: "Section 10 of our Conveyances Act, Ill.Rev.Stat.1939, chap. 30, par. 9, provides that a quitclaim deed in substantially the statutory form will convey 'all the then existing legal or equitable rights of the grantor, in the premises therein described, but shall not extend to after-acquired title unless words are added expressing such intention.'" The court is committed to the rule that contingent interests are not "existing legal or equitable rights" within the meaning of this statute and are not transferred by a quitclaim deed unless appropriate words are employed in the deed to express such an intention, DuBois v. Judy, 291 Ill. 340, 126 N.E. 104, for in Illinois a contingent remainder is not regarded as an estate but as a mere chance of later acquiring one, which if it later vests, is regarded as "After-acquired titles." Hill v. Hill, 264 Ill. 219, 106 N.E. 262; Kingman v. Harmon, 131 Ill. 171, 23 N.E. 430. In Hummel v. Cardwell, 1945, 390 Ill. 526, 62 N.E.2d 433, the court denied again the trustee in bankruptcy's title to a contingent remainder.

■ Whether these repeated decisions by the Illinois Supreme Court to the effect that a contingent remainder cannot be levied upon or sold, is not subject to a present effective conveyance and does not pass to a trustee in bankruptcy, will affect the underlying reasoning of the decision in In re Landis, is not for me to decide; that question is to be determined by the Court of Appeals. I admit my doubt that Congress intended by the words "can be transferred" to include property which may pass by way of estoppel for property so passing is not subject to conveyance with any present effectiveness. Such a conveyance becomes effective only if and because, later, it becomes inequitable to hold otherwise. I rather doubt that Congress intended the phrases to include property passing by estoppel and there is certainly no estoppel in this case. But the law of this circuit is established by the Landis case. There the Circuit Court of Appeals held that the question of what is included in the federal statute is a question of federal law, even though the nature of the title created by the pertinent devise is to be determined by the state law. The court held that the facts there came within the meaning of the federal statute. In view of that decision, the order of the referee is reversed, leaving open for his determination, however, the question of whether the interest shall be sold now or held by the trustee until the title vests, if that contingency occurs.